EDWARD R. SATTERLEE, Appellant, *v.* ALICE L. KOBBE et al., Respondents, Impleaded with Others.

PARTITION — ONE CLAIMING TITLE ADVERSE AND IN HOSTILITY TO PLAINTIFF AND HIS COTENANTS MAY BE MADE A PARTY. Where the complaint in an action for the partition of lands, most of which are wild and unoccupied, alleges that the plaintiff and certain of the defendants named are the owners of all the lands as joint tenants or tenants in common; that other defendants claim some right or interest in particular lands adverse to the plaintiff and his cotenants, but that the right or interest so claimed is unknown to the plaintiff, and while it does not allege that these defendants are tenants in common with the plaintiff, it, in substance, states that

they are not, and are either in possession of certain islands or make some claim to them in hostility to the plaintiff, and such defendants answer putting in issue most if not all the allegations of the complaint, and in addition plead that they were in possession under claim of title hostile to the plaintiff, and that they or their grantors had been so in possession for more than twenty years prior to the commencement of the action, a judgment entered upon a dismissal of the complaint as to such defendants, upon the ground that they were not proper parties defendant and that the issues presented by the pleadings could not be tried in that form of action, is erroneous and must be reversed.

*Satterlee* v. *Kobbe,* 66 App. Div. ᒪ06, reversed.

(Argued December 12, 1902; decided January 6, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 26, 1901, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Elon R. Brown* for appellant. The rule that an outstanding claim of title in a cotenant can be tried in partition is broad enough to cover the case of an outstanding adverse claim of title in a stranger. (*Weston* v. *Stoddard,* 137 N. Y. 119; Code Civ. Pro. §§ 1542, 1543; *Drake* v. *Drake,* 61 App. Div. 1.) No distinction should be made between an adverse claim of title made by a cotenant and such a claim made by a stranger. (Freeman on Partition, § 450; 3 Rumsey's Pr. 31, 41; Fiero on Spec. Act. 175, 176; *Marshall* v. *Crehore,* 13 Metc. 462; *Godfrey* v. *Godfrey,* 17 Ind. 6; *Howey* v. *Goings,* 13 Ill. 95; *Parker* v. *Kane,* 22 How. [U. S.] 17; *Cuyler* v. *Ferrill,* 1 Abb. [U. S. C.] 169.) An adverse claim of title by a stranger may be tried in partition. (*Weston* v. *Stoddard,* 137 N. Y. 125; *Best* v. *Zeh,* 82 Hun, 232; 146 N. Y. 363; *Ellerson* v. *Westcott,* 148 N. Y. 149; *Biglow* v. *Biglow,* 39 App. Div. 103; *Holden* v. *Holden,* 40 App. Div. 255; *Bender* v. *Terwilliger,* 48 App. Div. 371; *Drake* v. *Drake,* 61 App. Div. 1; *Wallace* v. *Curtis,* 29 Misc. Rep.

415.)   Complete relief should be afforded, if the court acquires jurisdiction of the subject-matter, to avoid a multiplicity of actions. (*Sands* v. *Hughes*, 53 N. Y. 287 ; *Robinson* v. *Phillips*, 56 N. Y. 634 ; *Pope* v. *Hanmer*, 74 N. Y. 240 ; *Matter of Grinnell*, 18 Alb. L. J. 75.)

*Watson M. Rogers* and *Horace E. Morse* for respondents. To authorize the action of partition possession, and tenancy in common, or joint tenancy, must exist. (*Florence* v. *Hopkins*, 46 N. Y. 182 ; *Sullivan* v. *Sullivan*, 66 N. Y. 37 ; *Hitchcock* v. *Skinner*, 1 Hoff. Ch. 21 ; *Beebee* v. *Griffing*, 14 N. Y. 235 ; *N. Y. C. R. R. Co.* v. *Brennan*, 24 App. Div. 343 ; *Damion* v. *Campion*, 24 Misc. Rep. 234 ; *Haskell* v. *Queen*, 21 N. Y. Supp. 357 ; *Satterlee* v. *Kobbe*, 39 App. Div. 420 ; 66 App. Div. 306 ; *Bullock* v. *Knox*, 96 Ala. 195.) The action of partition cannot be used as a pretext by which a party may have the benefits, and deprive his adversary of the advantages which obtain in an action of ejectment. (*Van Scryver* v. *Mulford*, 59 N. Y. 426 ; *Culver* v. *Rhodes*, 87 N. Y. 348 ; *Satterlee* v. *Kobbe*, 66 App. Div. 306 ; Code Civ. Pro. § 1525 ; *Wallace* v. *Swinton*, 64 N. Y. 188 ; *People* v. *Leonard*, 11 Johns. 504.) The action of partition would furnish an inadequate remedy where title and possession are in controversy. (Code Civ. Pro. § 1544.) If the admission of the complaint or the allegations of facts on the opening contain any admission fatal to the plaintiff's case, the complaint should be dismissed. (*Wilson* v. *P. P. Co.*, 14 Misc. Rep. 514 ; *Stewart* v. *Hamilton*, 3 Robt. 672 ; 18 Abb. Pr. 298.)

O'BRIEN, J.   The complaint in this case states a good cause of action for the partition of lands.   The lands sought to be partitioned consist of a large number of islands in the St. Lawrence river within the limits of the county of Jefferson. Most of these islands are wild and unoccupied land.   According to the allegations of the complaint the plaintiff and certain of the defendants named are the owners of all the islands as

joint tenants or tenants in common. Some thirty different persons have been made defendants in the action. As to several of the defendants the complaint states that they claim some right or interest in particular islands adverse to the plaintiff and his cotenants, but that the right or interest so claimed by these defendants is unknown to the plaintiff. The complaint does not allege that these defendants are tenants in common with the plaintiff, but in substance states that they are not, and are either in possession of certain islands or make some claim to them in hostility to the plaintiff. All the defendants so affected suffered default, except four, who answered and put in issue most, if not all, the material allegations of the complaint, and in addition pleaded that they were in possession under claim of title hostile to the plaintiff, and that they or their grantors had been so in possession for more than twenty years prior to the commencement of the action. The four defendants who contest the title as to certain islands have set forth in their respective answers the grounds and nature of their claims with considerable detail, but the pleadings have been sufficiently described to show the nature of the issues presented for trial.

The case having been noticed for trial at the Special Term, the counsel for the four defendants answering moved to dismiss the complaint as to them on various grounds stated by way of argument, which, in substance, presented the objection that the complaint did not state a cause of action against the defendants who had tendered the issue with respect to the plaintiff's title. Inasmuch as the motion was made upon all the pleadings, it fairly covered the defendants' contention that they were not proper parties defendant in the action, and that the issues presented by the pleadings could not be tried in that form of action. The court granted the motion to dismiss as to the four answering defendants and the plaintiff's counsel excepted. This exception presents the only question of law involved in the case. So far as we can know from the record all the other defendants suffered default, and, therefore, we are not concerned with the rights of any of the defendants,

except the four that have answered. The precise question presented in their behalf is whether they were proper parties defendant and whether their rights and interests can be determined in the action.

It is doubtless true that during a long period in the history of our jurisprudence, while partition actions were regarded as peculiarly within the domain of equity jurisdiction, whenever it appeared that the title or right of possession of the plaintiff was disputed or that he had been actually ousted by his cotenants, courts of equity would withhold relief and remit the parties to their action at law. The principal reason for this was that there was no adequate provision for a jury trial of issues involving questions of title, but this reason has been removed by legislation embraced within the provisions of the present Code. Considering these enactments in their fair scope and meaning, they seem to permit the retention within the jurisdiction of equity of partition actions even where the question of adverse possession is involved. The statute prescribes in great detail the persons who *must* be made defendants (Code, § 1538), and further on the persons who *may* be made defendants at the election of the plaintiff. Among the latter class is mentioned a " creditor or other person having a lien or *interest* which attaches to the entire property." (§ 1540.) If the share, right or interest of a party is unknown to the plaintiff that fact must be stated in the complaint. (§ 1542.) This last provision seems to contain the clear implication that the plaintiff may join as defendants in the action persons in possession or who claim some interest the nature and character of which is unknown. It is broad enough to include intruders, trespassers or persons claiming title or some right adverse and hostile to the plaintiff. It would seem to be plain that it was intended to permit the plaintiff to join as defendants parties claiming some interest in the property although these persons might not in any legal sense be cotenants, but claiming adversely. The title or interest of any party may be put in issue by pleading and the issue tried by a jury. (§§ 1543, 1544.) Thus we see that all the obstacles

to the full and complete jurisdiction of equity in actions for partition have been swept away. In this case it has, however, been held by the learned court below that the answering defendants claiming title adverse to the plaintiff are not comprehended within the scope and meaning of the statute and were not proper parties defendant. The argument is that these defendants are entitled to have their rights determined in an action of ejectment where they could have two jury trials instead of one. The right to successive jury trials is not an absolute one, but is a matter of procedure, subject to change by the legislature, and the question is whether it has not been changed so far as these defendants are concerned.

On this question, and, indeed, upon the whole question in this case, we feel concluded by the doctrine of *Weston* v. *Stoddard* (137 N. Y. 119). In principle the doctrine of that case covers the whole controversy here. The discussion in that case points out the obstacles which originally existed to complete jurisdiction in equity of actions of partition where the question of adverse title was involved, and the legislation which, from time to time, was intended to remove these obstacles, and a complete review of the meaning, scope and purpose of the several provisions of the present Code. We think, in principle, that case holds that the trial court in this case had jurisdiction to hear and determine the issues presented by the answer of the defendants. It is true that in that case the parties were originally tenants in common, but it was not claimed that at the time of the commencement of the action they occupied that relation to each other. Indeed, one or more of the parties claimed by adverse title arising from the fact that they had been in undisputed and hostile possession of the premises for more than twenty years. Prescription and adverse possession is in and of itself a method of obtaining title to real property. (*Baker* v. *Oakwood*, 123 N. Y. 16.) When a person originally a tenant in common renounces and throws off that relation and assumes that of an owner by adverse possession or prescription, he assumes the attitude of a stranger to the original owners. He takes the

position that his possession and right of possession is under and by virtue of a hostile title acquired by himself through lapse of time. No good reason is apparent why the rights of such a person may be determined in a partition action, while the rights and interests of an intruder and trespasser cannot be, but must be remanded to a court of law to the end that he may have two or more jury trials. It should also be observed that the doctrine of *Weston* v. *Stoddard* (*supra*) has since been applied by the Supreme Court and by this court to cases which in their facts are not distinguishable from the case at bar. (*Best* v. *Zeh*, 82 Hun, 232; affd. on opinion below, 146 N. Y. 363; *Ellerson* v. *Westcott*, 148 N. Y. 149; *Biglow* v. *Biglow*, 39 App. Div. 103; *Holder* v. *Holder*, 40 id. 255; *Bender* v. *Terwilliger*, 48 id. 371; *Drake* v. *Drake*, 61 id. 1.) A court of equity having once obtained jurisdiction of the parties and the subject-matter of the action will retain it and adapt the relief to the exigencies of the case. It may order a sum of money to be paid to the plaintiff and give him a personal judgment therefor when that form of relief becomes necessary in order to prevent a failure of justice and when it is for any reason impracticable to grant the specific relief demanded. (*Valentine* v. *Richardt*, 126 N. Y. 272.) The prevention of a multiplicity of suits is also a ground for the exercise of equity jurisdiction. It seems to us, therefore, that upon principle, as well as upon authority, the plaintiff was entitled to have the questions touching the title, possession or right of possession of the land sought to be partitioned determined in the action which he brought for that purpose.

The main argument against this view is that the defendants who have answered are thus deprived of their right to have their interests in the islands which they claim determined in a particular form of action, that is to say, in an action of ejectment, or, as it is now called, an action for the recovery of real property. It is said that in such an action they would be entitled, if defeated on the first trial, to a second trial by jury, and, in the discretion of the court, to a third trial. But

there is just as much reason for a person originally a tenant in common who has renounced his relation and claims under a hostile title to invoke that argument. It is certainly as strong in his mouth as in that of a stranger, but the contention of such a party was clearly rejected by the discussion in *Weston* v. *Stoddard*. It should be observed also that all questions of title to land are not determined in actions of ejectment. An action of trespass may, in some cases, determine the question of title quite as effectually as an action of ejectment, and yet the parties are not entitled to successive trials in such a case.

Moreover, it is not easy to see how these defendants will be at all prejudiced by having their rights transferred from a court of law to a court of equity. It may be that they will lose the right to two jury trials, but it is by no means certain that they will not gain more in equity than at law. They are now in a court with broad and elastic powers, and superadded to that is the right of trial by jury. Certainly no better machinery has ever been devised by human wisdom for the protection of property rights. There are some important advantages that these defendants may have in a court of equity that they would not have in a court of law in an action of ejectment. In a partition action the court will always adjust equities between tenants in common arising out of expenditures and improvements made by one of them as against the other (*Ford* v. *Knapp*, 102 N. Y. 135), and if it may adjust such equities in an action of partition, no good reason is apparent why it should not adjust similar equities in behalf of a person setting up an adverse possession and having made improvements upon a part of the property in reliance upon his having a good title, although such title may be in fact defective. Assuming, for the sake of the argument, that the answering defendants have not been in possession for a period of time long enough to bar the plaintiff, but have been in such possession for a period less than twenty years, and during that time have occupied and possessed the property and made valuable improvements thereon, it may be that

the defendants would be able to prove upon the trial a state of facts that would require a court of equity to grant them relief or compensation for their improvements. This suggestion would be strengthened very much if it should appear that the plaintiff or the true owners looked on all the time without making any objection while the persons in possession under claim of title were expending their money in such improvements. Since the complaint in this case was dismissed upon the trial without taking any proof, we cannot know what the real facts in regard to the defendants' possession may turn out to be. Relief, such as is here suggested, is administered, not upon the ground that the party making the improvement without the agreement or assent of the owner gains a lien upon the property for his advances, but it rests upon the proposition that one who seeks equity must do equity, and that the tenant out of the actual occupation who asks a court of equity to award him partition is entitled to relief only upon condition that the equitable rights of his cotenants shall be respected. This is substantially the language of Judge Finch in *Ford* v. *Knapp* (*supra*). The same principle has been extended to cases where a party, not a tenant in common, but who has in good faith made improvements on property which he honestly supposed to belong to him. Such a case was *Thomas* v. *Evans* (105 N. Y. 601), where the doctrine was enunciated : " When a person in peaceable possession under a claim of lawful title, but really under a defective title, has, in good faith, made permanent improvements, the true owner who seeks the aid of equity to establish his own title will be compelled to reimburse the occupant for his expenditure." (*Putnam* v. *Ritchie*, 6 Paige, 390 ; *Mickles* v. *Dillaye*, 17 N. Y. 86 ; *Miner* v. *Beekman*, 50 N. Y. 339.) If the defendants should be able to prove facts at the trial sufficient to bring their case within these principles, they would be entitled to a measure of relief in equity that would be denied to them at law, and so would be actually benefited by the present form of action instead of subjected to any disadvantage, hardship or loss.

It is quite certain that the right to try an adverse claim of
title by a defendant in an action of partition was asserted and
decided by this court in *Weston* v. *Stoddard.* That general
principle being firmly established, it is difficult to see how it
is at all material who asserts the adverse right. What differ-
ence does it make with respect to the application of the rule
whether the party asserting the adverse right was originally a
cotenant who has renounced or thrown off that relation and
assumed a hostile attitude, claiming under some other right or
title, or a mere intruder or trespasser, or person claiming
under such a title? It cannot be that the adverse claim of a
defendant that originated without right is more sacred than
that of a party who concededly always had some title and
right to the possession. If an adverse title claimed by the
latter can be determined in an action of partition what reason-
able ground is there for the contention that a similar claim by
the former cannot be? Rules of procedure by means of
which property rights are determined should, whenever practi-
cable, be consistent, simple and uniform. They certainly
should not be arbitrarily construed so as to give to an
intruder upon lands greater advantages of defense or offense
than the true owner, and such is the spirit of the decision of
*Weston* v. *Stoddard.* But if there ever was any doubt about
the true scope and meaning of that decision, or if it was ever
open to the distinction made by the learned court below in
this case, it was made very plain when this court affirmed the
case of *Best* v. *Zeh* (*supra*) on the opinion below. (146 N.
Y. 363.) The decision in that case was based upon the
doctrine of *Weston* v. *Stoddard,* and this court in approving
of the opinion below certainly could not have failed to observe
the broad general language employed in the concluding part
of the opinion to the effect that under the present Code pro-
visions all persons having or claiming to have an interest in
the real estate sought to be partitioned may be made defend-
ants in the action, and that adverse conflicting claims by any
defendant may be determined under the procedure there
enacted, to the end that when the real estate involved is

divided or sold all clouds upon the title may be removed and the title settled by the judgment. That is practically what is sought to be accomplished in this case. In the case of *Ellerson* v. *Westcott* (148 N. Y. 155) Judge ANDREWS stated that the scope of partition actions had been greatly enlarged by recent legislation, but it has not been very much enlarged if it be true, as asserted by the learned counsel for the defendants, that a trespasser in possession of some part of the land sought to be partitioned, or a defendant claiming under some title originating in a trespass, can oust the court of jurisdiction by simply alleging in the answer that he holds in hostility to the plaintiff.

It will be observed that there is no express provision of the Code which in so many words confers power upon the court to determine adverse claims of title arising in actions of partition, but it is quite certain that the court has the power notwithstanding the omission to express it in terms. The only question is whether the power is conferred as to certain defendants and denied as to others. In other words, whether a distinction is· to be made between defendants founded on nothing but some difference in the origin of their claims. But the Code does permit the plaintiff in partition to join as defendants persons who have or claim some unknown interest in the lands, and these words aptly describe persons in possession under claim of title originating in a trespass. It permits the defendants by pleading to contest the plaintiff's title and to introduce contests between themselves as to title, and provides that all the issues thus framed may be tried by a jury. The reasonable and necessary conclusion from all this is that the purpose of the statute was to enable parties to the action to settle all controversies as to title in one action. That is the scope and spirit of the decision in *Weston* v. *Stoddard*. That is the interpretation that this court and the courts below have put upon the decision as will be seen by the cases cited above and as will appear from numerous other cases not referred to. It is a rule of procedure neither harsh nor unjust in itself, but on the contrary wise and beneficent since it protects all rights,

prevents a multiplicity of suits and ends in one action litigations that formerly required many. The rule has been accepted and acted upon by the courts of original jurisdiction and by this court, and in my opinion it would not be wise to take any step backwards by introducing a distinction in the nature of a limitation upon the case of *Weston* v. *Stoddard*, especially as the distinction contended for has no logical or reasonable basis upon which to rest. The question discussed is raised in this case by a motion at the trial which is practically a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action against certain defendants, and for the reasons stated we think it does.

The judgment should be reversed and a new trial granted, costs to abide the event.

BARTLETT, J. (dissenting). I am unable to vote for the reversal of this judgment.

If this action of partition is permitted to stand against all the defendants named it practically obliterates the distinction between partition and ejectment.

The property set forth in the complaint involves one hundred and twenty-one islands, more or less, in the St. Lawrence river.

As to the respondent defendants, six in number, they are not tenants in common with the plaintiff, nor with each other, nor with the many other defendants joined in this action.

These respondent defendants alleged in their answers that their grantors have been and they are continuing in the exclusive and undisputed actual possession of a certain island claimed by each particular defendant respectively under a claim of title thereto, openly, notoriously, continuously and adversely to the plaintiff and to the plaintiff's alleged cotenants for more than twenty years prior to the commencement of the action.

. I may suppose a case (which doubtless presents the situation

of one or more of these six defendants) of a defendant seized
of one of these one hundred and twenty-one islands by a
good title, in fee simple, and upon which he has placed a valuable house and other improvements for a summer residence.
Is it possible that he can be compelled to answer in a partition
suit, involving this entire group of islands, and defend his
undoubted title to this one island in an action involving a multitude of issues, in which he has no interest whatever?

A litigant in the situation of this supposed defendant,
standing upon an open and recorded title existing for many
years, has the absolute right to defend it in an action of ejectment, unhampered by other issues and in the enjoyment of
all those remedies which the law has wisely provided for the
protection of title to land.

The cases cited, wherein it is claimed the issues in partition
have been somewhat enlarged, have no application to this
situation.

Parker, Ch. J., Haight, J. (and Gray and Cullen, JJ., in
result), concur; Bartlett, J., reads dissenting opinion; Vann,
J., not voting.

Judgment reversed, etc.