(116 App. Div. 896)

### LAWRENCE et al. v. NORTON et al.

(Supreme Court, Appellate Division, Second Department. January 31, 1907.)

**1. PARTITION—PARTIES—JOINDER.**

　Where a complaint for partition avers that the defendants claim some interest in the premises, the precise nature and extent of which is unknown to the plaintiff, and that they have asserted their claim by an attempted occupancy of some portion of the premises, it states a good cause of action against such parties, and under the Code provisions applicable to such actions the plaintiff was warranted in making parties defendant all persons having or claiming an interest in the lands sought to be partitioned, in order to settle all controversies to the title in one action.

　[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partition, §§ 118, 126–129.]

**2. ACTION—CAUSES OF ACTION—JOINDER.**

　A complaint for the partition of real property alleges but one cause of action, even though it asks for the determination of other matters incidental to the relief demanded and all contentions between the parties in relation to their respective rights in the property sought to be partitioned, no matter on what ground such claims are based or from what source they arise.

**3. SAME.**

　In an action for the partition of real property, where all the relief demanded, outside the partition, is merely incidental to the partition and necessary to be determined before the court can adjudicate the respective rights of the parties in the land, being an action in equity, even though said parties are not all affected to the same extent or in the same manner, there is no joinder of independent causes of action.

**4. SAME—SEPARATE CAUSE OF ACTION.**

　A petition for the partition of real estate, which as to some of the defendants seeks relief which would not be granted in such an action, does not sustain the contention that a separate cause of action is thereby alleged, since the object of the partition suit is to secure a clear title in severalty to such portion of the premises as shall be set apart to each party, respectively, and to enable the court to make its decree effectual.

Appeal from Special Term, Queens County.

Action by Malcolm R. Lawrence and others against Franklin C. Norton and others. From an interlocutory judgment overruling a demurrer to the complaint, the defendant Franklin C. Norton appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

James S. Darcy, for appellant.
Charles S. Noyes, for respondents.

RICH, J. The action is brought to partition two parcels of land on Rockaway Beach, in the city of New York, owned in fee by the plaintiffs Malcolm R. Lawrence, Frank J. Heaney, and Silas K. Everett, and the defendants Adah P. Vernam and John R. Murray, as tenants

102 N.Y.S.—31

in common. The first nine paragraphs of the complaint contain the usual allegations of a cause of action for the partition of real property and then alleges that the respondent claims some interest in the premises, the precise extent and nature of which is unknown to the plaintiffs, but which is understood by them to be that the correct boundary line of the land on the south is not as alleged in the complaint, but is farther west and north, and that the respondent had asserted his claim by an attempted occupancy of some portion of the premises, the erection of two small houses thereon, and the tearing down of the boundary fences erected on that portion of the premises, that such claim constitutes a cloud on plaintiff's title, and that it was impossible to determine the basis of division between the co-tenants until the court should ascertain what part of the premises (if any) belonged to the respondent. The appellant, Norton, demurred to the complaint upon four grounds, summarized by his counsel as follows: That with the cause of action in partition there was joined (1) an action of ejectment as against the appellant and his tenants; (2) three actions to determine different and distinct boundary lines on the east, south, and west of the property sought to be partitioned, said causes of action affecting different groups of defendants, who had no interest in any of the land sought to be partitioned; (3) an action to remove a cloud on title and to determine the validity, scope, and effect of the two deeds under which the appellant was alleged to claim title to the whole or a portion of the premises described in the complaint. The issues of law have been tried, and an interlocutory judgment overruling the demurrer rendered, from which this appeal is taken. I think that the demurrer was properly overruled by the learned trial justice. Under the construction of the Code provisions applicable to actions of partition, the plaintiffs were warranted in making parties defendant all persons having or claiming an interest in the lands sought to be partitioned, in order to settle all controversies to the title in one action, and the complaint states a good cause of action against such parties. Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, 33 Am. St. Rep. 697; Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952; Wa'lace v. McEchron, 176 N. Y. 424, 68 N. E. 663. But one cause of action is alleged—the partition of the real property described in the complaint. The determination of the other matters alleged is incidental to the relief demanded, and all contentions between the parties relating to their respective rights in the property sought to be partitioned, no matter on what grounds such claims of rights are based or from what sources they arise, are properly to be determined and adjudicated in the one action of partition. Collins v. Collins (Sup.) 13 N. Y. Supp. 28; Townsend v. Bogert, 126 N. Y. 370, 27 N. E. 555, 22 Am. St. Rep. 835. There is no joinder of independent causes of action, and it is clearly apparent from the allegations of the complaint that all of the relief demanded that can be granted in this action, outside of the partition, is merely incidental to the partition and necessary to be determined before the court can intelligently adjudicate the respective rights of the parties in the land which is the subject of the partition. The action being in equity, it is not necessary that the alleged causes of action should affect all of the defendants to the same extent or in the

same manner. Rogers v. Wheeler, 89 App. Div. 435, 85 N. Y. Supp. 981; Satterlee v. Kobbe, supra. Conceding that the judgment demanded may, as to some of the defendants, seek relief which would not be granted in this action, this fact does not sustain the contention that a separate cause of action is thereby alleged. Powell v. Hinkley, 93 App. Div. 138, 87 N. Y. Supp. 2. The object of the Code provisions relating to actions of partition is to authorize such procedure as will result in co-tenants of the land sought to be partitioned securing a clear title in severalty to such portion of the premises as shall be set apart to them respectively, and to enable the court to make its decree effectual, which can be accomplished in no other manner than by considering and adjudicating the different claimed rights of the parties to the action, limited to a portion of the premises, as well as those extending to the whole.

The interlocutory judgment should be affirmed.

Interlocutory judgment affirmed with costs. All concur.