### JOHNSON v. ALESHIRE et al.

(Supreme Court, Appellate Division, First Department. January 22, 1909.)

1. PARTITION (§ 17*)—DETERMINATION OF CONFLICTING CLAIMS.

In a partition, it is proper to determine conflicting claims to the property.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 53; Dec. Dig. § 17.*]

2. PARTITION (§ 102*)—SALE.

Where, in partition, it appears that an actual partition will probably be impracticable and that the property must be sold, each co-tenant is entitled as a matter of right to have the property offered for sale on such terms and conditions as will insure, as nearly as may be, the realization of its full value.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 336; Dec. Dig. § 102.*]

3. PARTITION (§ 49*)—PARTIES—BRINGING IN NEW PARTIES.

Under Code Civ. Proc. § 723, authorizing the court in furtherance of justice to add the name of a person as a party, where, in partition of a strip of land, it appeared that a sale was necessary, and that owners of abutting property claimed to either hold title to the strip or to be seised of easements therein, a party to the action was entitled on motion to have such claimants made parties.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 130–135; Dec. Dig. § 49.*]

4. PARTITION (§ 49*)—PARTIES—BRINGING IN' NEW PARTIES.

While the order properly required the persons specifically named therein to be made defendants, it went too far in also requiring all persons "having or claiming any interest, title, etc., in or to the premises," etc., to be made defendants, it not appearing that any or all of them were necessary parties.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 49.*]

Appeal from Special Term, New York County.

Action by Grace R. Johnson against Justine Aleshire and others. From an order directing that certain persons be made parties defendant, plaintiff appeals. Order modified, and, as modified, affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Irving Paine, for appellant.

W. R. Thompson, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. Appeal from an order requiring additional parties to be. brought into a partition suit. The action is brought for the partition of a strip of land about 26 feet wide running through the blocks between Ninety-Second and Ninety-Third streets, from Broadway to Riverside Drive, in the city of New York. This strip was formerly known as Jauncey's Lane, and ran between farms of Oliver Vanderbilt and John Shaw, both of whom derived title to their farms from the heirs of Charles Ward Apthorpe. Owing to the form of description used in the deeds to these farms, it has been the contention of the heirs of Charles Ward Apthorpe and their successors in interest that said deeds conveyed no title to said lane, which remained vested in the heirs of said Apthorpe and their successors. The successors in title to Oliver Vanderbilt and John Shaw claim, on the other hand, that they either hold title to the lane, or, at the least, are seised of easements of light, air, and access therein. The purpose of the present action is to clear up the title to this strip of land. The present parties are the representatives in interest of the heirs of Charles Ward Apthorpe, deceased. An agreement has been arrived at between most of the parties to this action representing the Apthorpe title, and most of the persons owning the abutting lands, formerly of Vanderbilt and Shaw, under which it is proposed that the property formerly constituting the lane shall be bought in for the sum of $45,000, subject to the claims, whatever they may be, of the abutting owners, and that each of said abutting owners, upon paying a proportionate amount of said ·sum, shall receive a conveyance of that portion of the lane upon which his property abuts. It appears that the sum of $45,000 is not more than one-third of the value of the land embraced in said lane, if it were free from taxes, easements, or incumbrances of any kind. It is. said that a large amount of taxes have been imposed upon the land formerly comprised within said lane, some of which have been paid by the owners of the abutting property, and the unpaid portions of which are to be assumed by the several abutters upon receiving their respective conveyances. The present motion is made by the defendant St. Luke's Hospital, owner of an individed one-ninth of the lane, and is that the owners of the abutting lands be made party defendants, searches having been made showing the latest record owners of said lands, all of whom are designated by name in the notice of motion and in the order appealed from. It is shown by affidavit, and could readily be appreciated without any affidavit, that no one could be expected to bid the full value of the property upon a sale so long as there were known to be outstanding claims, undetermined, whether of title or of easements for use, and we think that the owner of a substantial undivided interest is entitled to ask that the parties asserting such claims be made parties to the action to the end that their claims may be passed upon and determined, and they themselves concluded by the judgment.

It is now well settled that it is proper in an action for partition to determine conflicting claims to the property to be partitioned. Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952; Lawrence v. Norton, 116 App. Div. 896, 102 N. Y. Supp. 481; Wallace v. McEchron, 176 N. Y. 424, 68 N. E. 663. It may be, in view of the taxes levied upon the property and of the nature of the abutters' claims, that the sum of

$45,000 is a fair and reasonable price to be put upon the property, but the moving defendant is not bound to accept its co-tenants' estimate in, that regard. It is objected that the court has no power to grant this motion. This contention is based upon section 1538 of the Code of Civil Procedure, which prescribes who are necessary parties to an action for partition, section 1539, specifying what parties the plaintiff may join as parties, at his election, and that portion of section 452 which prescribes when a person not a party to the action, may apply to be brought in. It is conceded that none of these provisions will support the present order. The persons named therein are not necessary parties. The plaintiff has not elected to bring them in, and they have not applied to be brought in, but, on the contrary, opposed the motion. We do not consider, however, that the provisions above cited are exclusive. There still remains section 723 of the Code of Civil Procedure, which provides that:

"The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, amend any process, pleading or other proceeding, by adding or striking out the name of a person as a party * * * or by inserting an allegation material to the case."

This power is extremely broad, and the question upon which its application is to be determined is whether or not to grant a motion under it will be in furtherance of justice. The object of a partition suit is to divide real property, or its proceeds, among the co-tenants; and where it appears, as it certainly does in the present case, that an actual partition will probably be impracticable, and that the property must be sold, each co-tenant is entitled as a matter of right to have the property offered for sale upon such terms and conditions as will insure, as nearly as may be, the realization of its full value. It seems to be conceded that such a result cannot be obtained in the present case so long as the abutters' claim to the property, or to some interest therein, remains indeterminate and undetermined, and it is not disputed that in all probability no one will be found to bid upon the property, except at a figure, fair or unfair, which shall be consented to by the abutters themselves. Whether a sale under these conditions will in point of fact produce a better price than could be obtained after the abutters' claims have been passed upon and determined we have no means of knowing, and have not to decide. It is sufficient that there appear to be persons, not now parties to the action, whose rights must be ascertained and settled before the rights of the parties to the suit can be determined. Chapman v. Forbes, 123 N. Y. 532–538, 26 N. E. 3. So far, therefore, as the order required the persons specifically named therein to be made defendants, we think that it was right. It went too far, however, in also requiring to be made defendants "all persons who claim or have any interest, right, title, or estate in or to the premises described in the complaint herein, or any part thereof, as wives, assignees, mortgagees, grantees, heirs at law, or devisees, lienors, or tenants of any of the above-named persons, or of any other sort, kind, or description, and also all persons other than the present parties to this action who have claim to have any right, title, interest, or easement of whatsoever kind or nature, whether at law or equity in the

premises, the subject of this action, and all persons in possession of said premises or of any part thereof." This is altogether too broad and indefinite. It is not made to appear that any or all of the persons thus described are necessary parties, and, if any of them are proper parties who ought in the furtherance of justice to be brought in, it is incumbent upon the moving party to show that there are such persons, and why they ought to be made parties. This has not been done.

The order appealed from will therefore be modified by striking out the general clause above quoted, and, as modified, affirmed without costs to either party. All concur.