ALFRED P. DELCAMBRE, SR., Appellant, v. MARIE H. DELCAMBRE et al., Defendants, and THE CITY OF MOUNT VERNON, Respondent.

**Real property — action for partition — parties defendant — when municipal corporation may be made a party defendant in order to test validity of taxes assessed by the municipality.**

1. The rules of pleading in equity, while the same in form with those in actions at law, are nevertheless broader and more elastic by reason of the inherent character of the relief which may be sought and given, and all persons materially interested either legally or beneficially in the subject-matter of an equity suit are to be made parties to it, so that there may be a complete decree which shall bind them all.

2. In an action for the partition of real property a person having a lien or interest which attaches to the entire property is not a

necessary defendant, but may be made a party at the election of the plaintiff.

3. The right to make a municipal corporation a party to an action in partition where it is desired to question the validity of taxes assessed by the municipality is clearly recognized, and where the allegations of the complaint relate not alone to taxes, but to assessments and to sales to the defendant city for taxes and assessments, the complaint should not be dismissed as insufficient.

*Delcambre* v. *Delcambre*, 149 App. Div. 952, reversed.

(Argued January 14, 1914; decided March 17, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 7, 1912, which affirmed a final judgment entered after affirmance of an interlocutory judgment of the Special Term sustaining a demurrer to the complaint by the defendant, the City of Mount Vernon, upon the ground that it does not state facts sufficient to constitute a cause of action and dismissed the complaint as against the said city.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Albert Falck* for appellant. The complaint states facts sufficient to constitute a cause of action against the respondent, the City of Mount Vernon. (Code Civ. Pro. § 1539; *Satterlee* v. *Kobbe*, 173 N. Y. 91; *Townsend* v. *Bogert*, 126 N. Y. 370; *Best* v. *Zeh*, 82 Hun, 232; 146 N. Y. 363; *Lawrence* v. *Norton*, 116 App. Div. 896; *Wallace* v. *McEchron*, 176 N. Y. 424; *Obermyer* v. *Behn*, 123 App. Div. 440; affd., 195 N. Y. 588; *Weston* v. *Stoddard*, 137 N. Y. 119; *Biglow* v. *Biglow*, 39 App. Div. 103.) The city of Mount Vernon can be sued in an action for partition in the same manner as any other defendant. (*Leinen* v. *Elter*, 43 Hun, 249; Code Civ. Pro. §§ 1539, 1594; *Haley* v. *Sheridan*, 190 N. Y. 331.) The cause of action is properly pleaded and the defendant has no right to demur. (*Townsend* v. *Bogert*, 126 N. Y. 370; *Maw-*

*hinney* v. *Bliss,* 124 App. Div. 609; *Kane* v. *Larkin,* 141 N. Y. 144.)

*Frank A. Bennett, Corporation Counsel,* for respondent. The complaint in this action does not state facts sufficient to constitute a cause of action as against the city of Mount Vernon. (Code Civ. Pro. § 1676; *Morgan* v. *Fullerton,* 9 App. Div. 233.)

CHASE, J. This action is brought to partition certain lands in the city of Mount Vernon, town of Eastchester, county of Westchester. The territory composing the city of Mount Vernon was taken from the town of Eastchester and said city is the successor of the village of Mount Vernon and succeeded to all the rights and liabilities of said village, and by its charter it is expressly given power to sue and be sued. (Laws of 1892, chapter 182, secs. 1 and 4.)

The complaint alleges that the plaintiff and the defendant Hohenstein are the owners in common of the lands sought to be partitioned. The city of Mount Vernon and "Alexander" Fairchild, if living, the name "Alexander" being fictitious, his true first name being unknown to plaintiff and who is designated as A. Fairchild in the tax sales book of the town of Eastchester for the year 1862; "Edward" Martin, if living, the name "Edward" being fictitious, his true first name being unknown to plaintiff and who is designated as E. Martin in the tax sales book of the village of Mount Vernon for the years 1871, 1872 and 1873, are, among many others, made parties defendant. The complaint alleges:

"*Twenty-first.* Upon information and belief that the defendant the city of Mt. Vernon claims that said premises are subject to liens for arrears of taxes and assessments levied by it thereupon and sales therefor to the said defendant the city of Mt. Vernon, the exact nature, merit, and extent of which is unknown and which is a cloud upon the title to said premises.

"*Twenty-second.* Upon information and belief that

the defendants * * * the city of Mt. Vernon * * *
claim to have some estate, right, title, interest, lien,
claim or demand in, or upon said premises, the exact
nature, merit and extent of which is unknown to plain-
tiff and which is a cloud upon the title to said premises
and upon the undivided shares of plaintiff and the said
defendant Jacob F. Hohenstein. * * *

" *Twenty-fourth.* That no personal claim is made
against any of said defendants."

The plaintiff demands judgment that he " and the
defendant Jacob F. Hohenstein are each seized and
possessed of the fee of an undivided one-half part of the
premises described in the complaint as tenants in com-
mon," and that except as to the dower right of two
of the defendants the other defendants, including the
city of Mount Vernon, have "not nor has any of them
individually or collectively or officially or otherwise any
right, title, interest, lien, claim or demand or estate in,
to, upon, or against the premises described and set forth
in the complaint or any part thereof."

The city of Mount Vernon demurred to the complaint
upon the ground that the same does not state facts suffi-
cient to constitute a cause of action, which demurrer has
been sustained and the complaint as to it has been
dismissed.

The Code of Civil Procedure now provides as to the
parties, pleadings and judgment in an action of parti-
tion. It also provides that issues between the plaintiff
and defendants or any of them, and also as between the
defendants may be tried by a jury. The Code provisions
material to the question now before us for consideration
are: Section 1539. "The plaintiff may, at his election,
make a tenant, by the curtesy, * * * or other person,
having a lien or interest, which attaches to the entire
property, a defendant in the action. In that case, the
final judgment may either award to such party his or her
entire right and interest, or the proceeds thereof, * * *

or may reserve and leave unaffected his or her right and interest, or any portion thereof. A person specified in this section, who is not made a party, is not affected by the judgment in the action."

Section 1542. "The complaint must * * * specify the rights, shares, and interest therein of all the parties, as far as the same are known to the plaintiff. If a party, or the share, right, or interest of a party, is unknown to the plaintiff; or if a share, right, or interest is uncertain or contingent; * * * that fact must also be stated in the complaint."

Section 1543. "The title or interest of the plaintiff in the property, as stated in the complaint, may be controverted by the answer. The title or interest of any defendant in the property, as stated in the complaint, may also be controverted by his answer, or the answer of any other defendant; and the title or interest of any defendant, as stated in his answer, may be controverted by the answer of any other defendant. * * * The issues, joined as prescribed in this section, must be tried and determined in the action."

Section 1544. "An issue of fact joined in the action is triable by a jury. Unless the court directs the issues to be stated, as prescribed in section 970 of this act, the issues may be tried upon the pleadings."

It is not necessary to make a person having a lien or interest which attaches to the entire property a party defendant, but he may be made a defendant at the election of the plaintiff.

This court in *Satterlee* v. *Kobbe* (173 N. Y. 91, 100) say: "It is quite certain that the right to try an adverse claim of title by a defendant in an action of partition was asserted and decided by this court in *Weston* v. *Stoddard.* That general principle being firmly established, it is difficult to see how it is at all material who asserts the adverse right. * * * All persons having or claiming to have an interest in the real estate sought

to be partitioned may be made defendants in the action, and that adverse conflicting claims by any defendant may be determined under the procedure there enacted, to the end that when the real estate involved is divided or sold all clouds upon the title may be removed and the title settled by the judgment."

The language of the court in the *Satterlee* case is by the express provision of the Code applicable to any person having a lien or interest which attaches to the entire property. (See *Wallace* v. *McEchron,* 176 N. Y. 424, 426; *Townsend* v. *Bogert,* 126 N. Y. 370; *Best* v. *Zeh,* 82 Hun, 232; affd. on opinion below, 146 N. Y. 363; *Weston* v. *Stoddard,* 137 N. Y. 119; *Obermeyer* v. *Behn,* 123 App. Div. 440; affd., 195 N. Y. 588; *Lawrence* v. *Norton,* 116 App. Div. 896; *Biglow* v. *Biglow,* 39 App. Div. 103; *Brown* v. *Feek,* 204 N. Y. 238; *Mawhinney* v. *Bliss,* 124 App. Div. 609.)

The term "person," as used in the Code, includes a corporation, and even the People of the State may be made a party defendant to an action for partition of real property in the same manner as a private person. (Code Civ. Pro. § 1594.)

We see no reason, therefore, as a matter of law, why a municipal corporation having a lien or interest which attaches to the entire property sought to be partitioned should not, at the election of the plaintiff, be made a party defendant, although the propriety of making a municipal corporation having an alleged lien for taxes or assessments, or based upon a sale for taxes or assessments, a party defendant, unless there is a real controversy to be determined affecting the validity of such lien, may be seriously questioned. (*Morgan* v. *Fullerton,* 9 App. Div. 233.)

It is provided by section 1676 of the Code of Civil Procedure that "The officer making the sale must, out of the proceeds, unless the judgment otherwise directs, pay all taxes, assessments, and water rates, which are liens upon the property sold, and redeem the property sold from any sales for unpaid taxes, assessments, or water rates, which

30

have not apparently become absolute. The sums, necessary to make those payments and redemptions, are deemed expenses of the sale, within the meaning of that expression, as used in any provision of article second, third or fourth of this title."

In *Leinen* v. *Elter* (43 Hun, 249) the right to make a municipal corporation a party to an action in partition where it is desired to question the validity of the taxes assessed by said municipality is clearly recognized.

If a municipal corporation is made a party defendant, except in a case where it is the purpose of the plaintiff in good faith to ascertain the amount of a lien or interest which cannot be determined by mere computation or to litigate a *bona fide* claim that such lien or interest is invalid, the court should by the judgment and in its award of costs in the action take into consideration the fact that such municipality was not a necessary party to the action.

The question now before us is simply one of parties and whether the complaint, if true, states a cause of action within the Code provisions. The rules of pleading in equity, while the same in form with those in actions at law, are nevertheless broader and more elastic by reason of the inherent character of the relief which may be sought and given. It has always been held as a general rule in equity that all persons materially interested either legally or beneficially in the subject-matter of a suit are to be made parties to it, so that there may be a complete decree which shall bind them all. (*Caldwell* v. *Taggart,* 4 Peters, 190.) In carrying out that rule it sometimes happens that a plaintiff knows the fact that a third person claims an interest in the subject-matter of the action but does not know the nature, extent or merits of the claim which cannot, nevertheless, be entirely ignored without peril to the completeness of the remedy sought. In such an emergency the facts may be stated, the claimant be called in as a party, and required to disclose his alleged interest. (*Townsend* v. *Bogert, supra.*)

The form of the complaint in this action, so far as it relates to the city of Mount Vernon, is not to be commended, but it relates not alone to taxes, but to assessments, and to sales to the defendant city for taxes and assessments, and we do not think that it should be dismissed as wholly insufficient. The reasons which induce the courts to refuse to entertain an action to restrain the collection of a tax do not apply to prevent a municipality from being made a party defendant in a partition action as provided in the Code sections quoted, but such reasons would undoubtedly prevent the courts from granting an injunction *pendente lite* as against the municipality.

The judgment of the Appellate Division and said final judgment should be reversed, with costs in this court and in the Appellate Division and judgment should be entered overruling the respondent's demurrer, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN and MILLER, JJ., concur; CUDDEBACK, J., concurs in result; WERNER, J., not voting.

Judgment accordingly.