JAMES O'NEIL, Plaintiff, *v.* EDWARD F. MURRAY and Others, Defendants.

Supreme Court, Albany Special Term, December, 1922 (Received January, 1923).

**Partition — uplands abutting on navigable river — filling by state between old and new bulkheads — title to filled-in land — right of access to water — when state proper party defendant.**

The doctrine of title by accretion which generally rests upon an increase by imperceptible degrees through natural causes, such as the ordinary action of water, does not apply to land reclaimed through filling in land once water and making it dry.

Under section 1012 of the Civil Practice Act an action for partition can be maintained only by joint tenants or tenants in common who have one of the estates in land enumerated in said section against cotenants having similar estates, and in such an action the conflicting claims and rights to and affecting the property sought to be partitioned may be determined.

An amended complaint in partition alleged that when the plaintiff and the individual defendant became tenants in common of the property, uplands fronting on the Hudson river in the city of Troy, there was a certain dock front built on the river at the exterior line of the property and that subsequently said city by chapter 563 of the Laws of 1916 and by an amendatory act, chapter 537 of the Laws of 1921, was given the right to improve the river and dock front; that in 1917 the secretary of war established a new bulkhead line along the river front outside of and about thirteen feet west of the old dock line; that under the aforementioned statutes the city of Troy built a new dock upon said new bulkhead line and that in the course of such construction material was taken out of the river bed and with other material was thrown or dumped into the space, described in the complaint in two parcels, between the old dock line and the newly created dock or bulkhead line, and that such material was deposited in a space which was formerly water of the Hudson river and in that manner such space was filled in. It was also alleged that the individual defendant claimed that the parcels or spaces of land thus filled in and which adjoin and are immediately west of the upland parcels described, had by accretion become part and parcel of the tracts of land described and that plaintiff and said defendant had become and are the equal undivided owners and in possession and seized in fee of such additional parcels. It was further alleged that the defendant, the People of the state of New York, has or claims to have an interest in the tracts of land filled in between the old and new docks, and to be the owner thereof, but if said defendant has no interest in said two parcels and is not the owner thereof, then the plaintiff and the individual defendant are the owners as tenants in common of said parcels. Upon denying a motion to dismiss the complaint as against the People, made upon the ground, among others, that it did not state facts sufficient to constitute a cause of action, *held*, that the facts alleged did not establish title by accretion in the plaintiff and the individual defendant and that the title to the land under water between the dock line, if in the People

of the state before the space was filled in, still remains in the People; the mere filling in of the land did not transfer it from one owner to another.

The claim of an easement or right of access over such lands would be the assertion of a right over lands owned by the People of the state and attached as an incorporeal hereditament to the uplands owned in fee by the parties to the action and such claim may be established by the amended complaint and the proof as entered thereunder.

Whether the state will admit or controvert such claim is for the attorney-general to determine by his pleading, and as the claim may possibly become the subject of controversy in the action it was proper under section 1022 of the Civil Practice Act to join the state as a party defendant and give it opportunity to raise the issue and have the same determined.

It not appearing that the city of Troy has appropriated the upland or become the owner of the bed of the river between the dock lines the filling-in done by said city does not affect the conclusion reached by the court herein.

MOTION to dismiss complaint.

*Roche, Tierney & Roche,* for plaintiff.

*Charles D. Newton,* attorney-general (*Edward H. Leggett,* of counsel), for the defendant People of the State of New York.

STALEY, J. This is an application for an order dismissing the amended complaint herein as against the People of the State of New York, upon the ground, (1) that the court has not jurisdiction of the person of the said defendant, the People of the State of New York; (2) that the court has not jurisdiction of the subject of the action; and (3) that the said amended complaint does not state facts sufficient to constitute a cause of action as against the People of the State of New York.

This action is one for a judgment for partition, and the complaint alleges that the plaintiff and the defendant Edward F. Murray are the owners in fee simple as tenants in common of certain parcels of land described therein which constitute uplands fronting on the Hudson river in the city of Troy.

It also alleges that in 1904, when these parties' became tenants in common, there was a certain dock front built on the river at the exterior line of said parcels, and that subsequently the city of Troy by virtue of chapter 563 of the Laws of 1916, and by an amendatory act, chapter 537 of the Laws of 1921, was given the right to improve the river and dock front; that in 1917 the secretary of war of the United States established a new bulkhead line along said river front which was outside and about thirteen feet west of the old dock line; that under said acts the city of Troy built a new dock upon said new bulkhead line and that in the course of construction thereof material was taken out of the river bed, and with other material was thrown or dumped into the space between the old dock line and the newly created dock or bulkhead

line, and such material was deposited in a space which was formerly waters of the Hudson river, and in that manner such space was filled in.

The space between the old and new dock line, so far as it adjoins the premises alleged to be owned by the parties as tenants in common, is described in the complaint in two parcels, and plaintiff alleges that it is claimed by the defendant Edward F. Murray that these parcels or spaces of land thus filled in and which adjoin and are immediately west of the upland parcels described have become by accretion part and parcel of said tracts of land described in the amended complaint, and that the plaintiff and said Murray have become and are the equal undivided owners and in possession and seized in fee to such additional parcels.

It is also alleged that the People of the State of New York have or claim to have an interest in these tracts of land filled in between the old and new dock, and to be the owners thereof; but if the said defendant has no interest in the said two parcels and is not the owner thereof, then this plaintiff and the defendant Edward F. Murray are the owners as tenants in common of said parcels.

Actions for the partition of lands are governed by statute which prescribe in unmistakable terms the subject-matter of which partitions may be had and the parties between whom it may be made.

Section 1012 of the Civil Practice Act provides as follows: " Where two or more persons hold and are in possession of real property as joint tenants or as tenants in common, in which either of them has an estate of inheritance or for life, or for years, any one or more of them may maintain an action for the partition of the property, according to the respective rights of the persons interested therein; and for a sale thereof, if it appears that a partition thereof cannot be made without great prejudice to the owners." " This language," says Judge Werner, in *Tracy Development Co.* v. *Becker*, 212 N. Y. 488, 498, " plainly indicates that the action can be maintained only by joint tenants or tenants in common, *having one of the enumerated estates in land,* against co-tenants having similar estates."

As to the parcels here in question, the complaint after stating the facts of the extension of the dock line and the filling in of the space between the old and new dock, alleges that it is claimed by the defendant Murray that the land so filled in has become by accretion part and parcel of the lands constituting the uplands and alleged to be owned by the plaintiff and defendant Murray as tenants in common and seeks a judgment of partition as to the said parcels.

The question presents itself whether the complaint alleges facts

sufficient to constitute a cause of action for partition by establishing an estate of inheritance, or for life, or for years, in these parcels between the old and the new dock in common between the plaintiff and defendant Murray. That question must be answered by testing the facts alleged as sufficient to constitute any such estate independent of the conclusion of the pleading.

The doctrine of title by accretion rests generally upon an increase by imperceptible degrees through natural causes such as the ordinary action of water. It does not apply to land reclaimed by man through filling in land once water and making it dry. *Matter of State Reservation at Niagara*, 16 Abb. N. C. 159, 176, note; *Matter of Com'rs State Reservation*, 37 Hun, 535, 551; *Wetmore* v. *Brooklyn Gas Light Co.*, 42 N. Y. 384; *Halsey* v. *McCormick*, 18 id. 147; *Steers* v. *City of Brooklyn*, 101 id. 51.

The facts alleged in the complaint establish no title by accretion in the plaintiff and defendant Murray, and the title to the land under water between the dock lines, if in the People of the state before this space was filled in, still remains in the People. The mere filling in of this land does not transfer it from one owner to another.

As the upland owner, however, has a common-law right to build a wharf to reach the navigable part of the adjacent waters, the establishment of a bulkhead line may make a fill within same lawful and not a nuisance, but it would not amount to a grant of the land or of a right to use the land except for purpose of access or for purpose of erecting a wharf or dock. Getman Real Prop. 313; *People* v. *Delaware & Hudson Co.*, 213 N. Y. 194, in which case Judge Chase says, at page 199: "It would be a lawful act, on the part of an absolute owner of the adjoining upland, if the filling was for the ultimate purpose of erecting a wharf or dock, and of securing access from such adjoining uplands to it."

It is the well-settled law of this state that a riparian owner has the right of access to navigable waters as one of the incidents of his title to uplands. *Stewart* v. *Turney*, 117 Misc. Rep. 398; *Tiffany* v. *Town of Oyster Bay*, 234 N. Y. 15. In the latter case the right of access along the whole frontage of the property of the upland owner over filled in land to the navigable waters is upheld.

The right of access of a littoral owner to the navigable water cannot, therefore, be denied him by an extension of the dock line further out into the river. Being an upland owner, the right of access for the benefit of the upland property over the filled strip becomes an incorporeal hereditament which issues out of and becomes annexed to his corporeal upland property. It is in the nature of an easement, the principal requisite of which is that it be

imposed upon corporeal real property for the benefit of corporeal real property and that there be two distinct estates, the dominant and the servient.

I do not think that the fact that the filling in, as alleged in this case by the city of Troy, affects the application of the principle or the conclusion reached here, as it does not appear that the city of Troy has appropriated the upland or become the owner of the bed of the river between the dock lines.

" It is quite obvious, from the plain reading of the statute," says Chief Judge Ruger in *Nellis* v. *Munson,* 108 N. Y. 453, 458, " that hereditaments are included in the terms, ' estates of inheritance,' and that such estates may be held in fee, and are capable of having the same interest and estate created in them, as may or can pertain to any real estate.  *  *  *  Thus it is said by elementary writers, that the word hereditaments is more extensive in its significance than land or tenements, and signifies anything capable of being inherited, and so applied to realty is divided into corporeal and incorporeal.  *  *  *  Incorporeal real property is defined to be a right issuing out of or annexed to a thing corporeal, and consists of the right to have some part only, of the produce or benefit of the corporeal property, or to exercise a right or have an easement or privilege or advantage over or out of it.  *  *  *  The principal requisite of an easement is that it be imposed upon corporeal real property, for the benefit of corporeal real property, and that there be two distinct estates, the dominant and the servient.  *  *  *  This right cannot exist independent of its connection with another tenement, and therefore cannot be aliened or conveyed except by a conveyance, as an appurtenant of the dominant estate."

While the claim of the complaint of a title in fee by accretion cannot be sustained, nevertheless a claim for an easement or right of access over the land may be established by the complaint and the proof presented thereunder.  Such a claim would be the assertion of a right over lands owned by the People of the state and attached as an incorporeal hereditament to the uplands owned in fee by the parties to this action.  It is a proper assertion of right in behalf of the parties to this action against the state.  Whether the state will admit or controvert is for the attorney-general to determine by his pleading.  It may become the subject of controversy in this action, and because of that possibility it is proper to join the state as a party and give it the opportunity to raise the issue and have it determined.

This determination may be an important one to the parties to this action, for if an actual partition be impracticable, and the property must be sold, each cotenant is entitled, as a matter of

right to have the property offered for sale upon such terms and conditions, and with such rights attaching thereto, as will insure the realization of its proper value. *Johnson* v. *Aleshire,* 130 App. Div. 178, 180. Its value with the right of access to the river established may be entirely different from its value with that right undetermined or in doubt.

I do not attempt to decide the question of what rights the plaintiff and the defendant Murray have in the parcels in question constituting the strip between the old and new dock. Such questions must necessarily be determined by the evidence presented in the action. I do hold, however, that there is sufficient alleged in the complaint as applied to the law of our state to sustain a claim of an estate in these lands, as an incorporeal hereditament attached to the dominant estate of the parties, which may become the subject-matter of a partition suit.

While it is elementary that no action will lie against the sovereign without its consent, such consent has been conferred in an action of this character.

Section 1020 of the Civil Practice Act provides: " The people of the state may be made a party defendant to an action for the partition of real property, in the same manner as a private person."

Section 1022 of the Civil Practice Act provides: " The title or interest of any party in the property as stated in any pleading may be put in issue. The issues thus joined must be tried and determined in the action."

" If this is such an action," said Judge Werner, in *Tracy Development Co.* v. *Becker,* 212 N. Y. 488, 497, " it is plain that ' The people of the state may be made a party   *   *   *   in the same manner as a private person.' "

It is urged by the learned attorney-general that the statute permitting the People to be made a party defendant is limited to cases where the state has an undivided interest or a lien, and does not extend the consent of the state to be made a party in an action wherein the determination of its title to the real property which is the subject of the action may be had. The answer to such claim of limitation is section 1022 of the Civil Practice Act, whereby the title of the state, in the same manner as that of a private person, may be put in issue, tried and determined in a partition suit.

It is now well settled that it is proper in an action for partition to determine the conflicting claims and rights to and affecting the property to be partitioned. *Kellum* v. *Corr,* 209 N. Y. 486; *Satterlee* v. *Kobbe,* 173 id. 91; *Lawrence* v. *Norton,* 116 App. Div. 896; *Wallace* v. *McEchron,* 176 N. Y. 424; *Delcambre* v. *Delcambre,* 210 id. 460; *Johnson* v. *Aleshire, supra.*

In *Kellum* v. *Corr*, *supra*, the Court of Appeals said at page 490: " This court is committed to the view that a person claiming as joint tenant or tenant in common, even though not in actual possession, may now maintain a suit for partition in which all questions of title affecting the entire property may be tried and adjudicated with the same effect as was formerly the practice in actions of ejectment."

" It has always been held," says Judge Chase in *Delcambre* v. *Delccmbre*, 210 N. Y. 460, 466, " as a general rule in equity that all persons materially interested either legally or beneficially in the subject-matter of a suit are to be made parties to it, so that there may be a complete decree which shall bind them all."

In *Ostrander* v. *Bell*, 199 App. Div. 304, 306, Mr. Justice Van Kirk in the opinion held the state to be a proper party. This was an action for partition in. which the state was not a tenant in common, but claimed ownership by virtue of a tax deed. The validity of its claim of title was put in issue, tried and determined in that action and such course approved by the Appellate Division.

The motion to dismiss the amended complaint as to the People of the State of New York is, therefore, denied, with ten dollars costs.

Ordered accordingly.