### HILL v. WARSAWSKI et al.

(Supreme Court, Appellate Division, First Department. April 8, 1904.)

1. TRUSTS—PAROL PROOF—PLEADING.

Where, in an action to recover land under an alleged trust to reconvey, the answer of the defendant holding title to the land at the time the suit was brought contained a general denial, plaintiff was not entitled to recover on proof of an oral declaration of trust, under Real Property Law § 207 (Laws 1896, p. 592, c. 547), providing that any trust or power concerning real property cannot be created except by deed, provided that the section shall not prevent any declaration of trust from being proved by a writing subscribed by the person declaring the same.

Appeal from Special Term, New York County.

Action by Jacob L. Hill, as trustee in bankruptcy of Sarah Warsawski, against Sarah Warsawski and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. H. Gleason, for appellant.

N. D. Stern, for respondents.

VAN BRUNT, P. J. This action was brought by the plaintiff, as trustee in bankruptcy of one Sarah Warsawski, to compel the conveyance to him of certain lands situate in the borough of Manhattan, which the trustee contended were conveyed without consideration by Sarah Warsawski to her daughter Etta, upon the explicit agreement that the beneficial interest in the lands remained in the grantor, and that she should be entitled to a reconveyance upon demand. These lands were conveyed by Etta to one Lena Davis, another daughter of the bankrupt; and it was claimed by the plaintiff that the conveyance was subject to the same terms, and that both conveyances were without consideration. The first conveyance above mentioned was made on the 6th of January, 1898, and the second on the 10th of March, 1898, and the defendant Sarah Warsawski was declared a bankrupt on the 21st of May, 1902. The plaintiff claims relief solely upon the ground that the defendant Lena Davis held the property in question in trust for the defendant Sarah Warsawski. Upon the opening of the case the counsel for the plaintiff stated that he expected to prove a declaration of trust by parol, and that there was no writing of any kind signed by the party declaring the trust. There was no claim or allegation that at the time of this conveyance the defendant Sarah Warsawski was not entirely solvent. Objection being taken to this course of proof, the court dismissed the complaint, to which counsel for the plaintiff took exception, and from the judgment thereupon entered this appeal is taken.

Section 207 of the real property law (Laws 1896, p. 592, c. 547) provides that "any trust or power over or concerning real property * * * cannot be created, granted, assigned, surrendered or declared unless * * * by a deed or conveyance in writing subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing." This provision of the statute clearly prescribes that every conveyance of an interest in real property must be by deed in writing. There is an exception in the section, however, which provides that the section shall not prevent any declaration of trust from being proved by a writing subscribed by the person declaring the same. And it has been held that such a trust may be established by any writing from which its terms can be spelled out, and which is subscribed by the party who, it is claimed, has declared the trust. Now, in the case at bar there was no attempt to prove a declaration of trust by any writing whatever. In fact, it was stated by the counsel that it was to be proved by parol, and he claimed to do this under the pleadings, because the statute was not set up in favor of the defendant Lena Davis. There was a general denial, and there was an allegation that the defendant Sarah Warsawski had never made any such declaration in writing; but there was none in respect to the defendant Lena Davis. But we think that the decisions in reference to the necessity of a defendant pleading the statute of frauds in order to avail himself of its benefit have no application to the case at bar. In the statute of frauds the provision is that in the cases specified every agreement shall be void unless such agreement or some note or memorandum thereof be in writing, and be subscribed by the party to be charged therewith. But in the case

at bar the language of the provision is entirely different. It provides that no trust or power over or concerning real property can be created unless by deed or conveyance in writing. And then comes in the exception that a party holding property may make a declaration of trust by any writing subscribed by such party. Therefore, in order to show that this trust has been created, it is necessary to prove the deed, as there is no other way in which such an estate can be created under the statute; and, where a conveyance is made with an agreement that the property shall be held in trust, that declaration of trust may be proved by a writing subscribed by the party declaring the same. There can be no estate whatever created without a writing, and consequently, where there is a denial of the trust, it is necessary to establish it in the way provided by the statute.

The judgment should be affirmed, with costs. All concur.