Max Rohssler and Others, Plaintiffs, *v.* Mary Rohssler and Others, Defendants.

County Court, Kings County, April, 1923.

**County Court — jurisdiction — partition action — counterclaim seeking to impress trust on real property — court may render judgment on counterclaim — jury trial.**

While under section 67 of the Civil Practice Act the County Court has no jurisdiction to entertain an action to impress a trust upon real property, yet, where in an action for partition brought in said court the defendant interposes as a counterclaim an alleged cause of action to impress in her favor an implied trust upon the property, the court under section 69 of the Civil Practice Act has jurisdiction to render judgment upon the counterclaim.

Section 1023 of the Civil Practice Act is sufficiently broad to require a jury trial of equitable counterclaims in partition suits, and the defendant's motion for such a trial will be granted.

Action for partition.

*Aaron & Sikawitt,* for plaintiffs.

*Phillips, Jaffe & Jaffe,* for defendant Mary Rohssler.

Taylor, Franklin, J.   This is an action for partition brought by the adult heirs at law of Samuel Rohssler, owner of the legal title. The defendant Mary Rohssler, widow of Samuel Rohssler, sets up by way of counterclaim an alleged cause of action to impress an implied trust upon the premises in her favor.   In support of such relief the counterclaim alleges that the premises were purchased with her money, previously intrusted with her said husband under an oral agreement that title would be taken in their joint names as tenants by the entirety; that thereafter her husband represented to her that title had been so taken; that during her husband's life she contributed to the payment of taxes, interest and repairs; and that since her husband's death, still ignorant of the truth as to the legal title, she paid the entire maintenance charges on the property.   Said defendant now moves for a jury trial of the issue, pursuant to section 1023 of the Civil Practice Act.   The affidavits and brief submitted in support of the motion show that the sole issue to be tried is as aforesaid, and that the defendant's specific denials of matters alleged in the complaint arise out of, and are founded upon, her alleged equitable title.   In opposition to the motion the plaintiffs contend that this court is without jurisdiction to try the counterclaim.

The equitable jurisdiction of the County Court is limited to such matters as are prescribed by statute.   N. Y. Const. art.

VI, § 14. This court has no jurisdiction to entertain an action to impress a trust on real property. Civ. Prac. Act, § 67. But once it has jurisdiction of an action, the County Court " possesses the same jurisdiction, power and authority in and over the same, and in the course of the proceedings therein, which the supreme court possesses in a like case; and it may render any judgment, or grant either party any relief, which the supreme court might render or grant in a like case, and may enforce its mandates in like manner as the supreme court." Civ. Prac. Act, § 69.

In the case at bar this court has jurisdiction of the action itself. There can be no question but that the Supreme Court, in a like case, would have jurisdiction, power and authority to try the counterclaim and to render a judgment granting to the defendant Mary Rohssler the relief prayed for in the answer. It, therefore, follows that this court has similar power under the statute just cited. In *Howard Iron Works* v. *Buffalo El. Co.*, 176 N. Y. 1, a County Court suit for $900, the defendant counterclaimed for $30,000. The plaintiff demurred to the counterclaim upon the ground that the court had no jurisdiction of the subject-matter thereof, as the counterclaim demanded a judgment for more than $2,000. The demurrer was overruled, but the judgment upon the demurrer was reversed by the Appellate Division. The Court of Appeals in turn reversed the judgment of the Appellate Division and affirmed that of the County Court, upon the ground that when the plaintiff elected to bring his action in the County Court, the right to try and render judgment upon the counterclaim had followed the case as a necessary incident of the jurisdiction, without regard to its amount. Commenting on Code section 348, the provisions of which are now found in section 69 of the Civil Practice Act, the opinion says (p. 7): " If the present action had been brought in the Supreme Court no question could be raised with respect to the power to try and render judgment upon the counterclaim, and the plaintiff, having impleaded the defendant in the County Court, upon a complaint that conferred full jurisdiction upon that court, it follows that it had power to render any judgment in favor of the defendant, or grant it any relief, that the Supreme Court could do in a like case." And again (p. 8): " That section is broad enough in its language to permit a defendant in the County Court to interpose any counterclaim that he may have to the plaintiff's demand."

The plaintiff's brief cites several cases defining and limiting the scope of section 69 of the Civil Practice Act in so far as the alleged incidental relief sought thereunder may be embodied in the prayer of a complaint. All of the authoritative cases thus cited are

distinguishable for the reason that the excluded relief was there sought by complaint rather than by answer. Where sought by complaint, such relief, if not merely incidental to a pleaded cause of action of which the court has jurisdiction, is of its very nature in chief and must, therefore, come within the jurisdictional specifications of section 67 of the act. In all of those cases the pleaded cause of action coming within the court's jurisdiction was subordinate rather than dominant to the granting of relief which was clearly beyond the jurisdictional powers of the court, for which reason the court was without jurisdiction of the action. Although *Tonges* v. *Vandervcer Canarsie Imp. Synd.*, 148 N. Y. Supp. 748, fails to come within this ground of distinction, the authoritative quality of that decision may be questioned, in view of the apparently controlling logic of the *Howard Iron Works* v. *Buffalo El. Co.* case.

The only remaining question is as to whether section 1023 of the Civil Practice Act is sufficiently broad to require a jury trial of equitable counterclaims in partition suits. Said section comes under the provisions governing partition procedure, and reads as follows: "An issue of fact joined in the action is triable by a jury. Unless the court directs the issues to be stated the issues may be tried upon the pleadings." In the absence of limiting or qualifying phraseology it would appear that the right of jury trial covers all issues, including controverted allegations of an equitable counterclaim. Extraordinary as this provision may be in its practical application to equity issues, it is a legislative mandate and beyond the power of the court to modify or disregard. *Weston* v. *Stoddard,* 137 N. Y. 119, 128; *Bowen* v. *Sweeney,* 143 id. 349, 351; *Satterlee* v. *Kobbe,* 173 id. 91; *Fairweather* v. *Burling,* 181 id. 117, 120.

The motion is granted.