MINNIE ZIM and Others, Appellants, *v.* JULIA COHEN and Others, Respondents, Impleaded with EMILIA LUDWIG and Others, Defendants.

Second Department, July 1, 1927.

Partition — action to impress trust on property — plaintiffs are children of defendant's father by first wife — plaintiffs claim that property held by second wife at her death was held for father — plaintiffs entitled as matter of right, under Civil Practice Act, §§ 1012, 1013, to have questions involving title tried by jury — verdict of jury is controlling — Statute of Frauds not pleaded and cannot be raised — theory that conveyance by father to sister and by her to second wife was in fraud of creditors, not supported — equitable and legal title was not in second wife — findings of jury show plaintiffs' right to recovery.

The plaintiffs in this action seek to impress a trust upon real property described in the complaint. The plaintiffs are children of the decedent by his first wife, and the defendants are children of the decedent by his second wife. The complaint alleges that the decedent conveyed certain property to his sister to be held for his benefit and that she later conveyed the property to decedent's second wife for the same purpose, and that, therefore, all of the parties to the action became tenants in common of the property upon the death of the owner intestate. Under sections 1012 and 1023 of the Civil Practice Act, the plaintiffs were entitled to a jury trial of the questions involved, as a matter of right, and the verdict of the jury will be binding upon the court, and not advisory merely.

The Statute of Frauds is not available as a defense, since it was not pleaded.

The theory of the defendants that the property was conveyed in fraud of creditors, and, therefore, the grantee took both the legal and equitable title, is not supported by the evidence, and the finding of the jury to the effect that the property was conveyed by decedent to his sister to be held for his benefit and subsequently conveyed by the sister to decedent's second wife for the same purpose, is amply supported by the testimony.

APPEAL by the plaintiffs, Minnie Zim and others, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of Kings on the 3d day of December, 1926, upon the decision of the court rendered after a trial at the Kings Special Term.

*Abel E. Blackmar* [*Herman S. Bachrach* and *William M. Silverman* with him on the brief], for the appellants.

*Conrad H. Ratner,* for the respondents.

HAGARTY, J. The plaintiffs are the children of one David Cohen by his first wife, Carrie Rosenberg, deceased. The respondents are his children by his second wife, Ida. In this action the plaintiffs seek to impress a constructive trust, or a trust *ex maleficio,* upon the real property described in the complaint in the name of Ida Cohen at the time of her death. Ida Cohen predeceased David

Second Department, July, 1927.            [Vol. 221

Cohen by about six weeks. The relief sought is that the plaintiffs may be declared seized and possessed as tenants in common in fee simple of said premises, and that partition be decreed.

It is averred in the complaint that David Cohen, the father of the plaintiffs, a widower, married one Ida Ratner in the year 1901, and that the respondents are the issue of the marriage; that on or about the 1st day of June, 1910, David Cohen and his wife Ida, without consideration, but for the use and benefit of David, and for his accommodation, executed a deed transferring the real property involved in this litigation to one Emilia Ludwig, Cohen's sister, subject to certain mortgages, which deed was duly recorded; that thereafter Emilia Ludwig held the property in her name, but for the use, benefit and profit of David; that pursuant to David's direction and on his behalf, on the 16th day of August, 1910, Emilia Ludwig executed a mortgage upon the premises in the sum of $9,000 to one of the title companies, the proceeds of which were paid to and received by David, and that thereafter, and on or about the 22d day of November, 1910, the said Emilia Ludwig, at the direction and on behalf of David, executed another mortgage on the premises in the sum of $2,500, the proceeds of which were received by David; that thereafter, and on the 17th day of January, 1911, Emilia Ludwig, at the direction of David and for his use, benefit and accommodation, executed and delivered a deed conveying the fee of said premises to him, the said David Cohen, but naming as grantee Ida Cohen, his wife, which deed was duly recorded. The plaintiffs then averred that the said deed was executed without consideration, and that Ida Cohen during the lifetime of David Cohen held the premises for and on behalf of David, subject to his direction, and for his accommodation, profit, use and benefit. It is then alleged that Ida died on the 5th day of September, 1922, intestate, and the record holder of the legal title to the premises; that thereafter, and on the 20th of October, 1922, David died intestate; that by reason of these facts, the plaintiffs and respondents, as heirs at law of David, became and are entitled each to a one-ninth undivided share and interest in the estate of David Cohen; that the respondents and each of them are in possession of the premises, claiming as heirs at law of Ida, and that, since her death, they have enjoyed and are now enjoying the profits of said premises to the exclusion of the plaintiffs. It is then alleged that the premises are so situated that a division among the parties cannot be had without prejudice, and judgment is demanded that it be decreed that David Cohen, at the time of his death, was the equitable owner, seized and possessed of the premises, and that partition be had. The defendants interposed an answer, admitting

the blood relationship of the parties, the execution of the various instruments of record, but denying all the other material allegations. The Statute of Frauds is not pleaded.

After the joining of issue, and on the 17th of October, 1925, upon the consent of all the parties, an order was entered that the following issues of fact be submitted to a jury for determination:

1. Did David Cohen and Ida Cohen, his wife, on or about the 1st day of June, 1910, transfer to his sister, Emilia Ludwig, for the use and benefit of David Cohen, the property described in the complaint?

2. Did Emilia Ludwig, on or about the 17th day of January, 1911, at the direction of David Cohen, retransfer and reconvey the said property without consideration, to David Cohen, for his use and benefit but naming as grantee Ida Cohen, the wife of David Cohen?

These issues were duly tried, and the jury returned its verdict, answering " Yes " to both questions. Before the taking of any testimony it was stipulated that the agreements referred to in the complaint, and upon which rested the claim of the plaintiffs, were oral.

Thereafter the case was called for trial at Special Term. The position of counsel for the plaintiffs is that the action, being one for partition of real property, involved issues triable as a matter of right by jury, and that the verdict of the jury was binding upon the court. For the defendants it is contended that " this is an action to impress a trust first, and if equity impresses a trust then equity shall decree that these, the plaintiffs, have a title, let us say a legal title, and if they have a legal title then partition will be decreed."

The evidence adduced at the trial will not be reviewed. Suffice to say that it supports the finding of the jury. *Ellerson* v. *Westcott* (148 N. Y. 149), cited by the learned trial court, was an action for partition brought by an heir at law of a testator against a devisee in possession and sought to be maintained under section 1537 of the Code of Civil Procedure.* A motion was made to amend the complaint by adding an averment that the devisee caused the death of the testator by poison or other means, and denied for the reason that such an averment did not show, or tend to show, a fact required by that section to be allowed and established, namely, " that the apparent devise is void." In other words, the facts sought to be introduced by the amendment to the complaint did not show or tend to show that the will was void.

* Now Civ. Prac. Act, § 1016.— [REP.

It alleged neither incompetency on the part of the testator, nor any defect in the execution of the will, nor that the devise to the testator's wife was in contravention of any statute, nor that it was procured by fraud or undue influence. The result would have been merely to deprive the devisee in possession of her right to her benefit under the will. The rule for which the appellants here contend is recognized in the closing statement of the court's opinion (p. 155), which is: " It is quite true that the scope of the action of partition has been greatly enlarged by recent legislation (see *Weston* v. *Stoddard,* 137 N. Y. 127), but section 1537 excludes by necessary implication a contest in partition between a plaintiff claiming as heir and a devisee in possession, except when the ' apparent devise is void,' and this is not that case." To put it differently, were the fact alleged and proved, it would have operated to exclude the devisee from the benefit of the devise on the principle that by her misconduct she had debarred herself from claiming it.

The Civil Practice Act (§ 1012) provides: " Where two or more persons hold and are in possession of real property as joint tenants or as tenants in common, in which either of them has an estate of inheritance, or for life, or for years," an action for partition may be maintained. There is the further provision (§ 1023) that " An issue of fact joined in the action is triable by a jury."

From *Kellum* v. *Corr* (209 N. Y. 486, 490) I quote the following: " This court is committed to the view that a person claiming as joint tenant or tenant in common, even though not in actual possession, may now maintain a suit for partition in which all questions of title affecting the entire property may be tried and adjudicated with the same effect as was formerly the practice in actions of ejectment. (Code Civ. Pro. § 1539* *et seq.; Weston* v. *Stoddard,* 137 N. Y. 119; *Satterlee* v. *Kobbe,* 173 id. 91, 95; *Brown* v. *Feek,* 204 id. 238.) The reasons for the change in the practice are so fully stated in these and other cases that we need not now repeat them."

In *Weston* v. *Stoddard* (137 N. Y. 119) the reasons referred to in the *Kellum* case are set forth at length: " Both at common law and under the Revised Statutes it was the well settled rule of practice in actions for partition to withhold relief, if it appeared that the title or the right of possession of the plaintiff was disputed, or that he had been actually ousted by his co-tenants. It was not always clear what conduct would be considered in law sufficient to effect an ouster, but the current of authority in this State prior to 1880 was uniform and unbroken that when a disseisin had been

---

* See Civ. Prac. Act. §§ 1021, 1074.—[REP.

established, although for a period less than that required to extinguish his title, a tenant in common of real property must wait until he had regained possession in an action or proceeding at law before he could insist upon a division of the property between himself and his co-tenants. The two remedies could not be enforced in the same action. There was but one exception to the rule, and that was that where the original jurisdiction of the action was purely equitable, and it had once rightfully attached, it should be made effectual for complete relief, even if it did require the determination of questions of title to real property and of conflicting claims to its possession. (*Hosford* v. *Merwin,* 5 Barb. 62; *Scott* v. *Guernsey,* 60 id. 178.) The existence of this rule was not due to the indisposition of courts of equity to determine issues which were peculiarly within the province of courts of law. It was rather the result of the exceptional character of the method of procedure in partition cases, and had its origin in the practice of the common law tribunals, which for a long time had exclusive jurisdiction in this class of actions. The writ of partition was a common law process, and was an available remedy, at least, between co-parceners for over three hundred years before courts of chancery assumed jurisdiction of the subject-matter. It was returnable before judges or commissioners, specially appointed to hear the cause, and if, upon the return of the writ, it was shown that the plaintiff's title was contested, or that the lands were held adversely, the proceedings were dismissed, or suspended, until the question of the title had been otherwise determined. This course was rendered necessary because a trial by jury of an issue involving the title to real property was a matter of common right, of which the citizen could not be deprived by the institution of a proceeding in which that form of trial was not permissible."

In *Satterlee* v. *Kobbe* (173 N. Y. 91) it was not alleged in the complaint that the defendants were tenants in common with the plaintiff, but, in substance, it was stated that they were not, and that they were either in possession of certain lands, involved in the litigation, or made some claim to them in hostility to the plaintiff. The court there followed the ruling in *Weston* v. *Stoddard* (*supra*), saying that " The discussion in that case points out the obstacles which originally existed to complete jurisdiction in equity of actions of partition where the question of adverse title was involved, and the legislation which, from time to time, was intended to remove these obstacles, and a complete review of the meaning, scope and purpose of the several provisions of the present Code." Judge BARTLETT, in dissenting in that case, said (p. 102): " If this action of partition is permitted to stand against all the defendants

named it practically obliterates the distinction between partition and ejectment." This is exactly the result of the holding, as pointed out in the *per curiam* opinion of the court ten years later in *Kellum* v. *Corr*. (To the same effect, see, also, *Jones* v. *Jones*, 120 N. Y. 589; *Fairweather* v. *Burling*, 181 id. 117, 120; *Bowen* v. *Sweeney*, 143 id. 349, 351; *Rohssler* v. *Rohssler*, 120 Misc. 569, 571; *Tracy Development Co.* v. *Becker*, 212 N. Y. 488, 498; *O'Neil* v. *Murray*, 120 Misc. 151; *Leidenthal* v. *Leidenthal*, 121 App. Div. 269.)

Therefore, I have come to the conclusion that the plaintiffs were entitled as a matter of right to have the questions involving the title not only tried in this action, but submitted to a jury, and that the answers made by the jury were binding, and not merely advisory.

The defendants moved to dismiss the complaint on the ground that plaintiffs were attempting " to impress an oral trust in real property contrary to section 242 of the Real Property Law, without an allegation of an agreement on the part of this trustee to hold it in trust, without an allegation of fraud or mistake, without an allegation of breach of a fiduciary relationship existing between the two parties." But the Statute of Frauds to be available as a defense must be pleaded, and it was not pleaded in this case. I am not overlooking the case of *Hill* v. *Warsawski* (93 App. Div. 198), cited by the respondents, involving section 207, now section 242, of the Real Property Law, which held that the statute need not be pleaded. However, the Court of Appeals has held (*Matthews* v. *Matthews*, 154 N. Y. 288), without qualification, that where the complaint does not disclose the nature of the contract, whether oral or wr'tten, the defendant must plead the statute in order to avail himself of the objection.

Section 259 of the Real Property Law, involved in the *Matthews* case, reads that a contract for the sale of real property *is void*, unless the contract, or some note or memorandum expressing the consideration, is in writing and signed by the grantor or agent. Nevertheless, the Court of Appeals held that that section does not make an oral contract illegal, but voidable at the election of the party sought to be charged, and that such election must be made by pleading the statute. The same rule necessarily, in reason, applies to the requirements of section 242.

Since the Statute of Frauds was not pleaded, it is not necessary to consider the cases cited by the respondents to the effect that part performance of an oral agreement in relation to real property, in order to avoid the effect of the Statute of Frauds, must be established by evidence that admits of no explanation without

reference to the oral contract to convey land, such as *Burns* v. *McCormick* (233. N. Y. 230), *Woolley* v. *Stewart* (222 id. 347), and many others to the same effect.

The respondents argue for the proposition that a conveyance in fraud of creditors vests both legal and equitable title in the grantee. While that is true, there is no definite proof of insolvency upon the part of David Cohen at the time of the transfer. As bearing upon the question of fraud in the transfer, we have the testimony of Emilia Ludwig that at the time of the conveyance her brother told her " he had some business trouble and said he wants to assign the property to me," and again: " I have a lot of trouble." Again, " There was a foreclosure or something, I don't know what it was, or they failed, or something, I don't know. That was the business reasons." Before the learned Special Term, in answer to the court's question as to whether it was part of an arrangement to take property from the man so that his creditors could not get it, she said: " Well, I suppose so. * * * I don't know for what purpose it was." But there is no other proof in the record of Cohen's financial irresponsibility at the time. Under the circumstances of this case, I am inclined to the belief that such testimony upon the part of Emilia Ludwig is insufficient to justify a court of equity in denying relief to the appellants. All the parties to this action are the children of David Cohen. If there was fraud, the appellants here had no more to do with it than did the respondents. Assume that the purpose of the law is, as the trial court said, " to reprove the husband, not to reward the wife," the act of the father would unjustly enrich some of his children at the expense of the others. If the trust is in other respects good, I do not believe that this principle of law should stop the hand of equity in its attempt to do justice between these parties.

Respondents argue that a liberal interpretation of the findings by the jury is " at best nothing but an epitomizing of the intentions of David Cohen and Emilia Ludwig." With this I do not agree, because the jury found that the original conveyance was to Emilia " for the use and benefit of David Cohen," and the conveyance by Emilia Ludwig was " to David Cohen for his use and benefit, but naming as grantee Ida Cohen, the wife of David Cohen." Then it is argued that further questions for determination by the court at Special Term were whether or not Ida Cohen consented to hold the property in trust, as to whether or not there was a breach of fiduciary relationship, whether there was a fraud or mistake, as to whether or not there was a written agreement declaring this trust or whether it was a trust *ex maleficio,* and as to whether there was

part performance sufficient to validate an oral agreement. The acceptance by Ida Cohen, as found by the jury, was sufficient. We have the testimony of Emilia Ludwig that she agreed to convey at any time, upon request. The fee, however, was in David Cohen under the agreement, and a conveyance by her would have been a mere form. While there is no allegation or proof " that the husband ever asked the second wife to convey the property to the husband or to any one else pursuant to the claimed agreement," if Ida Cohen held the title for David Cohen, that was sufficient.

The judgment should be reversed upon the law and the facts, with costs, and judgment directed for the plaintiff in accordance with this opinion, with costs. The findings inconsistent with this decision are reversed and appropriate findings will be made.

KELLY, P. J., YOUNG, KAPPER and LAZANSKY, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and judgment directed for plaintiff, in accordance with opinion. Findings inconsistent with this decision are reversed, and appropriate findings will be made. Settle order on notice.