MAJESTIC TILE Co., INC., Plaintiff, *v.* ELIZABETH G. NICHOLLS and Others, Defendants.

ALEXANDER JACKSON, Doing Business under the Firm Name and Style of JACKSON DECORATING Co., Plaintiff, *v.* ELIZABETH G. NICHOLLS and Others, Defendants.

County Court, Special Term, Nassau County, November 25, 1936.

*W. Eugene MacLean,* for the plaintiffs.

*Sanford A. Davison,* for the defendant Elma M. Perkins.

*Samuel R. Feller* [*Harold Cantor* of counsel], for the Superintendent of Insurance of the State of New York.

*Walter J. Mack,* for the defendants George M. Nicholls and Holl-Wood Realty Corporation.

*Clarke & Frost* [*Pierre Baert* of counsel], for the defendant Elizabeth G. Nicholls.

TURK, J. In July, 1916, the defendant Elma M. Perkins became the owner of certain premises, known as No. 5 Van Buren street, in Baldwin, Nassau county, N. Y. On this property there was a first mortgage of $3,500, held by the Home Title Insurance Company, and a second mortgage of $2,000, held by the defendant George M. Nicholls. In September, 1931, the defendant George M. Nicholls commenced an action to foreclose his mortgage, and in July, 1933, secured a judgment of foreclosure and sale. The premises were sold by a referee in September, 1933, and the defendant George M. Nicholls became the purchaser thereof for the sum of $1,000. George M. Nicholls assigned his memorandum of sale to his sister, Elizabeth G. Nicholls, and on October 2, 1933, Elizabeth G. Nicholls received a referee's deed of said premises. On the 30th day of October, 1933, the defendant Elma M. Perkins obtained from the Home Title Insurance Company an extension of the time of payment of the first mortgage on these premises, extending the time of payment to June 1, 1936. On December 1, 1933, Elizabeth G. Nicholls entered into a contract with the Holl-Wood Corporation for the sale of the premises for the sum of $4,700, and on the same date the Holl-Wood Corporation entered into a contract with Elma M. Perkins for the sale of the same premises for the sum of $5,200, giving possession to Elma M. Perkins under a lease agreement wherein and whereby it was provided that "The rent should be the payment by the second party [Elma M. Perkins] of the interest on the first mortgage, the taxes, water rent and a monthly payment of Thirty Dollars ($30.00) each, on the first day of each and every month to the first party [Holl-Wood Corporation]." At the time of the making of the extension agreement between the Home Title Insurance Company and Elma M. Perkins, there was a policy of insurance on the premises, but subsequently and on the 3d day of November, 1933, the defendant Elma M. Perkins caused the amount of that policy to be increased to $9,500 by securing a policy from the New York Underwriters Insurance Company, No. 21727, written "in lieu of policy #21634," with "loss, if any, payable to the Home Title Insurance Co. as first mortgagee and George M. Nicholls as second mortgagee, and Joseph M. and Elma M. Perkins as interest may appear." On or about December 23, 1933, a fire occurred on said premises, causing considerable damage to the premises, and thereafter the defendant

George M. Nicholls, apparently representing his sister, Elizabeth G. Nicholls, or the Holl-Wood Realty Corporation, or both, entered into negotiations with the "Home Title" and the New York Underwriters Insurance Company relative to the adjustment of the loss, and finally agreed upon an adjustment of $2,950, which sum was deposited with the Home Title Insurance Company. This sum is now being held by the Superintendent of Insurance, as rehabilitator of the Home Title Insurance Company. Following the fire and the adjustment, the Home Title Guaranty Company entered into an agreement with George M. Nicholls for the restoration of the premises, which was confirmed by a letter of George M. Nicholls to that company on March 9, 1934. The sound value of the building was established at $5,220, with a loss to replace it as it was prior to the fire of $1,977.92, the difference between that amount and the amount agreed upon, namely, $2,950, having been claimed by George M. Nicholls as a loss on furnishings and personal effects of Elizabeth G. Nicholls. Thereafter, and on March 16, 1934, George M. Nicholls commenced the work of cleaning out the rubbish and debris and restoration of the premises. On April 2, 1934, the defendant Elma M. Perkins entered into possession of the premises and refused to allow George M. Nicholls to continue with the restoration, claiming that the work done by Mr. Nicholls was not satisfactory and not in accordance with his agreement with the Home Title Insurance Company, and thereafter at intervals an inspector for the Home Title Insurance Company made inspections and found "the work was being done as cheaply as possible in order to get the profit remaining after the loss had been paid," and on June 8, 1934, that inspector wrote Mr. Nicholls that he was dissatisfied with the quality of some of the workmanship which he saw, that nothing had been done about replacing the tile, and that there were a number of other items to be furnished. On July 26, 1934, Elma M. Perkins entered into a contract with the plaintiff Majestic Tile Company for the performance of certain work on the premises, and on or about the 28th day of July, 1934, she entered into a contract with the plaintiff Alexander Jackson for the performance of certain work on said premises. Upon failing to receive pay for services rendered and materials furnished, each of the plaintiffs filed mechanics' liens against the premises, and these actions were brought for the purpose of foreclosing those liens, and also to impress a trust upon the funds in the hands of the Superintendent of Insurance, as rehabilitator of the Home Title Insurance Company.

It is claimed by the defendant George M. Nicholls and the Holl-Wood Realty Corporation that the plaintiff Alexander Jack-

son is not entitled to recover because of his failure to complete the work called for by the terms of his contract, and that neither of the plaintiffs are entitled to recover because they have failed to prove that the work done by them was with the consent or at the request of the owner of the property in question. It is further claimed by these defendants that the defendant Elma M. Perkins had no insurable interest in the premises and is not entitled to any of the funds held by the Superintendent of Insurance.

The defendant Elma M. Perkins concedes that the plaintiffs are entitled to recover. She contends that the work done by the plaintiffs was done with the consent of the defendant George M. Nicholls, that his consent was sufficient under the Lien Law, and that this court has power to determine the equity between her and the other defendants in these actions and make allowance accordingly.

The Superintendent of Insurance urges that this court has no jurisdiction to impress a trust, under the circumstances in this case, and that the action should be dismissed in so far as the Superintendent of Insurance is concerned.

At the trial of the actions, a motion was made by the defendant Superintendent of Insurance to dismiss the complaint and also the counterclaim asserted against the Superintendent of Insurance. This motion was renewed at the end of the plaintiffs' cases and at each of those instances decision was reserved. The court, therefore, first directs its attention to ruling on those motions.

Under section 67 of the Civil Practice Act, the County Court has jurisdiction for the enforcement or foreclosure of a mechanic's lien on real property where the real property to which the action relates is situated within the county; and under section 69 of the Civil Practice Act where the County Court has jurisdiction of an action or special proceeding, it possesses the same jurisdiction, power and authority in and over the same, and in the course of the proceedings therein, which the Supreme Court possesses in a like case; and it may render any judgment, or grant either party any relief, which the Supreme Court might render or grant in a like case, and may enforce its mandates in like manner as the Supreme Court. Section 45 of the Lien Law provides that the court may adjust and determine the equity of all the parties to the action and determine all issues raised by any defendant, or counterclaim in the action. In considering the question of whether or not the court in this case has jurisdiction to impress a trust on moneys held by the Superintendent of Insurance, it must be borne in mind that the County Court possesses only those powers which are expressly given to it by the Constitution and the enactments of the

Legislature. (*Frees* v. *Ford,* 6 N. Y. 176.) While the Legislature has provided that the County Court has jurisdiction of actions to foreclose a mechanic's lien, and that having that jurisdiction it possesses the same power and authority over the same which the Supreme Court possesses, it is certain that the County Court possesses no equitable jurisdiction in these cases unless the relief asked for is incident to and a part of the foreclosure proceeding, and necessary in order to give effect to a determination in favor of or against any parties to the action. (*Thomas* v. *Harmon,* 46 Hun, 75; affd., 122 N. Y. 84; *Mead* v. *Langford,* 56 Hun, 279.) Webster defines incident as something appertaining to, passing with or depending on, another, called the principal. This definition is substantially that given by Bouvier's Law Dictionary, and has been followed by courts for many years. Judge COFFIN, the surrogate of Westchester county in 1888, in *Cromwell* v. *Phipps* (*Matter of Bellesheim*) (6 Dem. 60), quoting Jacobs' Law Dictionary, said: " Incident is a thing necessarily depending upon, appertaining to, or following another that is more worthy or principal." I am convinced that the impressing of a trust on the funds now in the hands of the Superintendent of Insurance is no incident to determining the equities of the parties in these actions, and that, even though it would be desirable, this court has not the power to impress such a trust. The language used by Judge HAZARD in *Stappenbeck* v. *Mather* (73 Misc. 434, at p. 444) seems to be the language which may well be applied in the instant case: " It seems so doubtful if the extensive equitable relief sought by plaintiff can be legitimately held to be merely an incident to a partition action, that I should hesitate about attempting any such extensive readjustments between the parties." It follows, then, that the motions made by the defendant Superintendent of Insurance to dismiss the complaint and the counterclaim asserted against that defendant must be granted.

It must be found that the plaintiff Majestic Tile Company did certain tile work on the premises in question, in accordance with a contract with the defendant Elma M. Perkins; that it fully performed all work which it was required to do under the terms of that contract, and that the fair and reasonable value for the work done and the material furnished was $110, which sum it is entitled to recover.

It must also be found that the plaintiff Alexander Jackson performed certain work and furnished certain materials on the premises in question, pursuant to a contract made with the defendant Elma M. Perkins; that he did not fully complete the work called for in the contract, but that the fair and reasonable value of the services which he did perform was $250. The plaintiff

Alexander Jackson contends that he was excused from performing all the work and furnishing all the materials required by the contract because of the failure of the defendant Elma M. Perkins to do certain things which she was required to do before he could complete the work.

Where the employer arrests the performance by the contractor or makes it impossible for him to perform the labor required by the contract, a contractor is excused for his failure to fully complete the contract and is entitled to recover the value of the work performed and the materials furnished. (*Wright* v. *Reusens*, 133 N. Y. 298; *Thomas* v. *Stewart*, 132 id. 580.)

The plaintiff Jackson in his lien stated, among other things, the labor performed, the agreed price and value thereof, the amount of materials furnished and the agreed price and value of the material, and the amount unpaid on labor and material. The total amount claimed was inaccurate in that it did not make deduction for the work unperformed. He has, however, satisfactorily excused his failure to complete the contract, and he is entitled to recover the sum of $250. The court has the power to determine the value of services performed and the value of the material furnished, even though it be different from that stated in the claim. (*Goldberger-Raabin, Inc.*, v. *74 Second Avenue Corp.*, 252 N. Y. 336.)

The next question to be determined is whether or not the consent of the owner was obtained before the labor was performed and the material furnished by these contractors.

The defendant Elma M. Perkins was, at the times when the contracts were made with these plaintiffs, the equitable owner of the premises in question. (*Williams* v. *Haddock*, 145 N. Y. 144.) It is a very difficult task to determine where the remainder of the title rests if one has to rely upon the testimony of the defendant George M. Nicholls and upon the assignments and conveyances prepared by him. It seems clear that, after having agreed to discontinue a foreclosure action against Elma M. Perkins, for a consideration paid by her, the defendant George M. Nicholls kept that foreclosure action alive from September, 1931, to September, 1933, when he caused the property to be sold by a referee; that George M. Nicholls became the purchaser at the foreclosure sale, but that, without the consent of his sister Elizabeth G. Nicholls, without her knowledge and without any consideration, he assigned his memorandum of sale to his sister; that her interest in the premises was transferred to the defendant Holl-Wood Realty Corporation without any consideration for such transfer, without her knowledge other than that she signed some papers, and solely at the instigation and under the direction of the defendant George M. Nicholls; that

Elizabeth G. Nicholls never had any financial interest in the premises at any time. It is also clear that the defendant George M. Nicholls was the president of the Holl-Wood Realty Corporation, that he was also a stockholder in that corporation, and a relative of some of the other stockholders. Having in mind, then, the peculiar position in which the defendant George M. Nicholls stood, there can be no doubt that if he consented to the furnishing of material and the performance of labor by these plaintiffs, there was sufficient consent to bind all who might appear to have an interest in the title. The defendant Elma M. Perkins says that George M. Nicholls consented that she might restore the premises, and in view of his fraudulent attempt to cover and conceal burned portions of the premises in an unworkmanlike manner, and in view of his unsatisfactory appearance on the witness stand, his efforts to conceal facts and his general attitude in relation to the entire matter, his testimony is unworthy of belief. Mrs. Perkins' version, therefore, must be taken as the true version, and it must be found that he did consent to the restoration by her of the portion of the premises which she undertook to restore. While proof of the consent or request of the owner of real property to the performance of labor and furnishing of material is essential to mechanics' liens (*Gates & Co.* v. *National Fair, etc., Assn.*, 225 N. Y. 142), consent may be implied from the conduct of the owner indicating willingness that improvements be made. (*Marsh* v. *Thomson Realty Corp.*, 174 App. Div. 218.) The plaintiffs, having complied with all the requirements of the Lien Law in reference to mechanics' liens, having satisfied this court as to their right to recovery, a judgment may be entered decreeing that the premises in question be sold for the purpose of satisfying these liens, and sold as against all the defendants in this action, subject to the right of the holder of the first mortgage, with costs to each of the plaintiffs.

There are other equities between all the defendants in this action which should be determined, and it seems unfortunate that they cannot be determined in this action. It is felt, however, that this court has decided the only questions which come within the jurisdiction of this court and that further action will have to be taken to grant the relief desired.