ATLAS AIRCRAFT PRODUCTS CORPORATION, Plaintiff, v. THE GREAT AMERICAN DIES & METAL WORKS, INC., et al., Defendants; and CHARLES WOHLSTETTER, Impleaded Defendant.

Supreme Court, Special Term, New York County, October 15, 1942.

*Alexander H. Rockmore* for plaintiff and impleaded defendant.

*I. Bregoff* for defendants.

PECORA, J. Motion by plaintiff and impleaded defendant to strike case from jury calendar. Plaintiff brought the action in replevin to recover certain machinery. In the answer defendants set forth three defenses and counterclaims. Affirmative relief is sought in all three such defenses and counterclaims. In the first, legal relief is asked for; in the second, equitable relief; and in the third, legal and equitable relief. It has been held that where a plaintiff in one complaint seeks legal and equitable relief the right to a jury trial is waived. (*DiMenna* v. *Cooper & Evans Co.*, 220 N. Y. 391; *Carroll* v. *Bullock*, 207 N. Y. 567; *Auerbach* v. *Chase National Bank*, 251 App. Div. 543.) The same conclusion has been reached regarding counterclaims and defenses (*Liberty Bank of Buffalo* v. *Lansing*, 259 App. Div. 797), where the court in a *Per Curiam* opinion said: " In demanding both equitable and legal relief in his answer, the defendant Wallace has placed himself in the same position, so far as the right to a jury trial is concerned, as if he had demanded such relief on the same state of facts in a complaint. By his prayer for both types of remedies, he has waived his right to a jury trial on the issues raised by the answer and the reply." While I am not inclined to think that the position of the plaintiff who asks different forms of relief is exactly the same as that of the defendant who must perforce

include all of his defenses in the answer, nevertheless I believe that the rationale of the decision in *DiMenna* v. *Cooper & Evans Co.* (*supra*) would require a similar conclusion when dealing with counterclaims.

The motion is granted. Settle order.