Pearl Kutun et al., Appellants-Respondents, *v.* Hanna R. Kranz, Individually and as Administratrix of the Estate of Louis Kranz, Deceased, Respondent-Appellant, and Floyd Kranz, Appellant-Respondent.

Third Department, November 10, 1948.

*Nellie Childs Smith,* attorney for appellants-respondents.

*Meyer A. Novick,* attorney for respondent-appellant.

DEYO, J. This is a partition action brought by the children of Louis Kranz, deceased, through whom they claim title to certain property against their stepmother, Hanna Reiss Kranz.

The property involved was originally owned by Louis Kranz and Bertha Kranz, his former wife, as tenants by the entirety. Upon Bertha's death Louis' title became absolute. Thereafter he married Hanna and deeded an interest in the property to her. The extent of such interest is one of the issues in dispute. Family differences arose, culminating in an action for a separation, and at about the same time Louis conveyed his interest in the property to the plaintiffs, who immediately instituted this action, claiming a three-fourths interest in the property. By answer the defendant, among other things, claimed a one-half interest by virtue of her deed from Louis, and asserted a counterclaim whereby she sought to set aside the deed from Louis to the plaintiffs as fraudulent. The court submitted two questions to the jury.

" Question 1. Was it the intention of the parties to the deed of December 27, 1927, that each should take one-half interest to the entire property or that Hanna Reiss Kranz should have an undivided one-fourth interest?

" Question 2. Did Louis Kranz execute the deed on June 4, 1938, with intent to avoid his obligations to Hanna Reiss Kranz? "

The jury answered the first question " One-half," which finding the court adopted. It answered the second question " Yes," which finding the court declined to adopt. The court granted an interlocutory judgment directing that the property be sold subject to various liens, and that the net proceeds should be divided one eighth to each of the four children, subject to the defendant's dower rights, and one half to the defendant. All parties appealed, the plaintiffs from that part of the judgment awarding the defendant a one-half interest, and the defendant from the court's refusal to set aside the deed to the children as fraudulent.

The deed from Louis to Hanna, dated December 27, 1927, was ambiguous. At one point it stated that Louis was conveying an undivided one-half interest in the property to himself

and Hanna. At another it stated the intent to be that each should have an undivided one-half interest. In view of this ambiguity, the court took evidence as to the intention of the parties which, though conflicting, sustains the conclusion arrived at fixing Hanna's interest as one half, which conclusion is hereby affirmed.

The plaintiff's contend that the County Court was without jurisdiction either to reform this ambiguous deed or to set aside as fraudulent the one to the children. These contentions are without merit. Section 67 of the Civil Practice Act specifically confers upon the County Court jurisdiction over actions for reformation of deeds. Moreover, this was a partition action over which the court had jurisdiction. (Civ. Prac. Act, § 67.) Having once obtained jurisdiction, it possessed the same powers and authority as the Supreme Court, and could render to either party the same relief which the Supreme Court could render in a like case. (Civ. Prac. Act, § 69.) The court thus had full authority to dispose of the entire dispute between the parties and to entertain and render judgment on any counterclaim interposed, unless prohibited by the Constitution or statute. (*Matter of Byrne* v. *Padden,* 248 N. Y. 243; *Howard Iron Works* v. *Buffalo Elevating Co.,* 176 N. Y. 1; *Brink's Express Co., Inc.,* v. *Burns,* 230 App. Div. 559.) To hold otherwise would be a travesty on justice, for it would permit a plaintiff, by judicious selection of his forum to deprive his adversary of what might be a valid and meritorious defense. It would also appear that discussion on this point is purely academic, since in 1941, the Supreme Court at Special Term, denied a motion to transfer this case to that court on the grounds that the County Court had jurisdiction. No appeal was taken from that decision, which would seem to have constituted it the law of the case at least.

The court was not bound by the finding of the jury as to the second question. Although there is a right to a jury trial in a partition action (Civ. Prac. Act, § 1023), that right does not extend to the affirmative equitable relief sought by the defendant by way of counterclaim. In seeking to set aside the deed from Louis to the plaintiffs as fraudulent, the defendant put herself in the same position, so far as the right to a jury trial is concerned, as if she had demanded such relief in an independent action. The interposition of an equitable defense and counterclaim constitutes a waiver of the right to a jury trial. (*Liberty Bank of Buffalo* v. *Lansing,* 259 App. Div. 797; *Atlas Aircraft Products Corp.* v. *Great American Dies & Metal*

*Works, Inc.,* 179 Misc. 444; *Schroeder* v. *Ziring,* 49 N. Y. S. 2d 853.) We are not unmindful that this holding is contrary to the conclusion reached in *Rohssler* v. *Rohssler* (120 Misc. 569).

The trial court concluded that the defendant had not sustained her burden of proof as to the various elements necessary to stamp the transaction between Louis and his children as fraudulent. We concur in this determination. The judgment should be affirmed, without costs.

HEFFERNAN, BREWSTER and FOSTER, JJ., concur; HILL, P. J., concurs to affirm the determination that the widow received one half by deed from her husband, and dissents as to the determination concerning the validity of the deed to the children.

Judgment affirmed, without costs. [See *post,* p. 1076.]