M. Henry Martuscello, J.
Defendants move pursuant to rule 113 of the Rules of Civil Practice for summary judgment dismissing the complaint on the ground that it has no merit. The complaint alleges in substance that the plaintiffs and the defendants Albina Zarski Schmidt, Alexandra Z. Gorman and Constance Zarski are brothers and sisters and are the children of Nicholas Zarski and Mary Zarski, both of whom are now dead; that the seven pieces of improved real property involved in this action were purchased by the father and paid for with his personal funds, but for his convenience the said properties, at various times were taken in his own name and also in the names of himself and his wife, and sometimes in the names of his daughters, the individual defendants herein; that during his lifetime the father administered the property in question by collecting the rentals therefrom and by paying all the taxes thereon as well as all other carrying charges; that the said Nicholas Zarski died intestate in August, 1945 and left surviving as his sole heirs at law and next of kin his wife, and their children, the plaintiffs and the individual defendants herein, and that the said Nicholas Zarski was at the time of his death the sole and lawful owner of the real property in question.
The complaint then alleges that after the death of Nicholas Zarski, the plaintiffs, the individual defendants and their mother entered into an agreement to the effect that during the lifetime of the mother the real property which was left by Nicholas Zarski, then deceased, would be administered and managed for the sole benefit of the mother, and that the net income therefrom would be for the sole use and benefit of the mother and further that after the death of the mother the property would be sold at the best price obtainable and the net proceeds of said sale would be divided equally between the plaintiffs and the three individual defendants, one fifth of the proceeds going to each of the individual parties thereto.
Thereafter the property was administered in accordance with the aforesaid agreement for a period of about 10 years until April, 1955, when the mother died intestate, leaving her surviving as her sole heirs at law and next of kin, the plaintiffs and the individual defendants herein.
The complaint further alleges plaintiffs’ demand of and refusal by the individual defendants to sell the real property and to account for the rents and profits during their administration thereof; that plaintiffs and the individual defendants own *247 and possess, as tenants in common, the real property in question; that each of the parties herein (except the corporate defendants) has an estate as a tenant in common in an undivided one fifth of said property; that the properties are so situated that a division among the parties entitled thereto cannot he had without prejudice; that the individual defendants have collected all of the rents and profits since August, 1945 but have failed and refused to render an account thereof to the plaintiffs; that plaintiffs have no adequate remedy at law.
Judgment is demanded that it be decreed that the plaintiffs and the individual defendants are each seized and possessed as tenants in common in fee of an undivided one fifth part of the real property in question; for partition and sale; for an accounting and for such other and further relief as may be just.
The defendants interposed an answer admitting the blood relationship of the parties but denying all other material allegations and setting forth affirmative defenses of the Statute of Frauds, Statute of Limitations and lack of consideration.
Defendants predicated their right to summary judgment on the ground that plaintiffs did not show legal title to the property in suit requisite to the maintenance of an action for partition as required by the relevant sections of the Civil Practice Act (§§ 1012, 1018). It is urged that the plaintiffs are not and never have been tenants in common with the individual defendants and that plaintiffs’ allegations to that effect are conclusively proved to be false by the documentary proof submitted in the form of photostatic copies of the recorded deeds to the plaintiffs’ sisters executed prior to the death of their father.
However, the complaint and supporting affidavits of plaintiffs sustain the latters ’ claims that the conveyances to the individual defendants were in reality in trust for the father, Nicholas Zarski, subject to his direction and for his accommodation, profit, use and benefit (cf. Beaver v. Beaver, 117 N. Y. 421, 428). Thus triable issues of fact are presented which cannot be determined on the record herein.
Although the action in partition may be maintained only by one who has legal title to the real property (Civ. Prac. Act, §§ 1012, 1018; McKenna v. Meehan, 248 N. Y. 206; Harvey v. Metz, 271 App. Div. 788), nonetheless it is permissible to join a cause of action for the enforcement of a trust or similar equitable relief with a cause of action to partition the property after legal title has been vested in them by the judgment of the court. (Zim v. Cohen, 221 App. Div. 341; see, also, Gifford v. Whittemore, 4 A D 2d 379.) Such is the action at bar. Plaintiffs herein seek to establish the requisite legal title by reason of *248 the claimed equitable title of the father within the purview of such cases as Foreman v. Foreman (251 N. Y. 237) and Sinclair v. Purdy (235 N. Y. 245), as well as to have a partition and accounting. The issues joined must be tried and determined in this action (Civ. Prac. Act, § 1022; McKenna v. Meehan, supra).
In Harvey v. Metz (supra), the court granted summary judgment because the uncontradicted facts set forth in the moving papers showed that the plaintiff did not have the legal title but in the case at bar the requisite legal title may be established as a basis for partition (Zim v. Cohen, supra).
Motion for summary judgment is denied. Submit order.