■ SAM WHITE, Respondent, v. GOTTLIEB SCHMIDT et al., Appellants.— Appeal from a judgment entered on a decision of a Special Term of County Court, Sullivan County. In this action for the foreclosure of a mechanic's lien the County Court of Sullivan County has granted a judgment of foreclosure of lien for $193; and a personal judgment against defendants for $6,845. Part of the lien was found invalid and the personal judgment is for this portion. Plaintiff, a contractor who has built several dams in Sullivan County, testified that defendant Gottlieb Schmidt hired him to build a dam and agreed to pay for the work on the basis of an hourly rate for equipment actually used. Although the piece of equipment which the parties originally discussed was a bulldozer, plaintiff testified that a power shovel and other equipment were added to the job with Schmidt's approval. Difficulty was encountered with the terrain; additional equipment became necessary, and the use of this equipment seems to have exceeded the original expectation of the parties. There is, however, proof which, if accepted by the trial court, would sustain a finding that the expanded cost of the work had the approval of both defendants. The work stopped because of cold weather in December, 1959 and plaintiff submitted two bills, totaling $12,546.40. A substantial part of this ($6,000) was paid by defendant Gottlieb Schmidt and the manner in which the payments were made could be found to have constituted an acceptance of plaintiff's basic claim and to have been consistent with the agreement pleaded in the complaint. The payments are, in any

event, inconsistent with the argument of the defendants on appeal that plaintiff agreed to erect a dam; that no payments would be due until the dam was erected, and that there should be a recovery based on the appellants' counterclaim on breach of contract. Defendant Anna E. Schmidt, the wife of Gottlieb, not only did not disavow any liability for the work undertaken by plaintiff before it started, but she, herself, took an active part in its inspection while in progress and in the transactions between plaintiff and her husband and is equally chargeable with her husband for liability under the contract which affected property in which she as well as her husband had title. The claim that the notice of lien was willfully exaggerated is without substance. The jurisdiction of the County Court to enter personal judgment in excess of $6,000 is challenged by appellants. The County Court, however, has jurisdiction of an action for foreclosure of a mechanic's lien (Civ. Prac. Act, § 67, subd. 1) without regard to amount; and in an action in which a County Court has jurisdiction it may enter any judgment which the Supreme Court can render (Civ. Prac. Act, § 69). Hence in holding part of the lien good and part of it bad, the court has jurisdiction to render judgment for $6,845. (*Matter of Byrne* v. *Padden*, 248 N. Y. 243; *Kutun* v. *Kranz*, 274 App. Div. 365; *Majestic Tile Co.* v. *Nicholls*, 161 Misc. 231.) There is no substance to the other points advanced for reversal. Judgment unanimously affirmed, with costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.